JOHN O. WALKER, ADMINISTRATOR OF GUY B. WALKER, *v.*
WALTER TAYLOR.

*General Statutes,* § 24, *ch.* 36.   *Evidence.*   *Witness.*

In a suit to recover of the defendant a sum of money which it was alleged the defendant had received of a town on account of the enlistment of the plaintiff's intestate to the credit of that town, the plaintiff proved and put in evidence an order executed by the intestate to the defendant to receive of the town the sum expressed to be due to the intestate from the town, and also proved and put in evidence a receipt executed by the defendant to the town, acknowledging he had received that sum due to the intestate from the town in pursuance of the order. *Held,* that this showed *prima facie* that the defendant had received that sum to the use of the intestate under such circumstances that the law would imply the undertaking on the part of the defendant to pay over the money so received upon request; and that the defendant was not a competent witness under the statute to contradict or explain away the circumstances from which the law would imply such undertaking.

The fact that the testimony of the intestate given upon the trial before the justice was put in evidence upon the trial in the county court by the defendant, under the circumstances detailed in the case, did not render the defendant a competent witness in his own favor.

Not decided whether, if the plaintiff had put said testimony in evidence, the defendant would have been a competent witness in his own favor upon the same subjects about which the intestate testified.

ASSUMPSIT for money had and received.   Plea, non assumpsit.
Trial by jury, May term, 1870, BARRETT, J., presiding.

The plaintiff gave in evidence a certificate of the muster-in of the intestate, a power of attorney by him to the defendant to receive payment of the town bounty of $500, from the town of Rockingham, and a receipt signed by the defendant, showing the payment to him of said $500 town bounty, December 11, 1863.

It was shown and conceded, that there was paid to the plaintiff by Cross & Abbott, through the quartermaster's office, about the time of said muster-in, the sum of $325, on account of the intestate's enlistment and muster-in to the credit of said town of Rockingham.   The plaintiff claimed to recover of defendant the balance of said $500.

The intestate was a little over 18 years old—less than 19—when he enlisted and was mustered in as aforesaid, and he died the 18th day of September, 1868.   Evidence on the part of the defense

showed without contradiction, that at the time the intestate made his contract to enlist he represented and insisted that he was of age. The intestate was son of the administrator plaintiff.

The defendant, subject to objection, was sworn as a witness in his own behalf and testified in substance that he entered into a written contract with the town of Rockingham to furnish 33 or 34 men to fill the quota existing against said town in the fall of 1863, after the call of the President for 300,000 men of October 17th, 1863, said town to pay him $500 for each man thus furnished; that defendant made a bargain with Cross & Abbott, who were engaged in the business of furnishing recruits, for 10 men towards said 33 or 34 for $462 each, and they did furnish them, and the intestate was one of the 10, and the defendant paid them the $462 as agreed; on cross examination, that Cross & Abbott brought him the said power of attorney; that defendant didn't get it of the intestate, nor get him to sign it; that said power of attorney and certificate of muster-in were necessary vouchers in order to enable him to get his $500, under his contract with the town, and that he received them of Cross & Abbott for that purpose and no other, and used them for that purpose and no other.

It was shown that the written contract with Rockingham, as aforesaid, was burnt up or lost in a fire that occurred last March in the building in which the defendant kept his office and his papers. Other evidence besides the defendant's testimony showed the contents of that written contract.

At the justice trial in this suit the intestate testified as a witness in his own behalf. That testimony was shown by the minutes of it taken by Charles E. Arnold, Esq.

The plaintiff insisted that he was entitled to recover the $590 so paid to the defendant, deducting the $325 that had been received by the plaintiff on account of said intestate's enlistment, and requested the court to so instruct the jury.

This the court declined to do, and told the jury if the intestate was furnished to the defendant by Cross & Abbott under the agreement between him and Cross & Abbott, and was paid the $462 by defendant as the evidence tended to show, and the intestate was mustered in to the credit of Rockingham in pursuance

and in fulfillment of the defendant's contract as aforesaid with said town, and said muster-in certificate and power of attorney were furnished him by Cross & Abbott as vouchers to enable him to get his pay of the town, and the money was paid to him under and upon said contract, then the money when so paid to him would be the defendant's money and not the intestate's, and if so, the plaintiff would not be entitled to recover as for money had and received. The charge in all other respects was satisfactory.

To the admission of the defendant as a witness, and the refusal of the court to charge the jury as requested, and to the charge as above stated, the plaintiff excepted. Verdict for defendant.

### CERTIFICATE OF MUSTER.

BRATTLEBORO, December 11, 1863.

I certify, that Guy B. Walker, of Rockingham, has been duly examined and mustered into the service of the United States, the eleventh day of December, A. D. 1863, for the term of three years, unless sooner discharged.

P. B. C. MORONEY, *U. S. Mustering Officer.*

### POWER OF ATTORNEY FOR TOWN BOUNTY.

BRATTLEBORO, December 11, 1863.

*To the Selectmen of the Town of Rockingham :*

Pay to Walter Taylor, of Rockingham, or order, five hundred dollars, amount of bounty due to me as a volunteer from the town of Rockingham, mustered into the United States service for three years.                                        GUY B. WALKER.

*Witness,* S. S. COOLIDGE.

### RECEIPT.

Received, this eleventh day of December, A. D. 1863, of the Selectmen of the town of Rockingham, five hundred dollars, town bounty due to Guy B. Walker, in pursuance of the above order.

WALTER TAYLOR.

*Deane & Seaver,* for the plaintiff.

*H. E. Stoughton, C. B. Eddy,* and *J. Converse,* for the defendant.

The opinion of the court was delivered by

WHEELER, J. Upon the trial of this case in the county court the question to be determined was, whether the defendant

had received money to the use of, and which he had undertaken to pay to Guy B. Walker, the plaintiff's intestate, or not.

When the plaintiff had proved and put in evidence the power of attorney, or order, executed by the intestate to the defendant, which authorized the defendant to receive of the selectmen of Rockingham five hundred dollars expressed to be due to the intestate from the town of Rockingham, and had proved and put in evidence the receipt executed by the defendant to the selectmen of the town of Rockingham, by which he acknowledged that he had received of them five hundred dollars due the intestate from the town of Rockingham, in pursuance of the order or power of attorney, he had shown, *prima facie*, that the defendant had received five hundred dollars to the use of the intestate, under such circumstances that the law would imply an undertaking on the part of the defendant to pay over the money so received on request.   The defendant, in making defense, sought to meet and overthrow this implied contract by denying some, and explaining away others, of the circumstances from which the law would imply it.   Neither the contract between the defendant and Rockingham, nor the one between him and Cross & Abbott, nor both of them together, could affect the rights of the intestate to the bounty for his enlistment, unless he knew of, and agreed to, so much of them as related to his enlistment and to his bounty for it.   Such evidence as would be competent to show these contracts would not be admissible at all to affect the plaintiff's right of recovery in this case, unless accompanied by evidence that the intestate knew of them and agreed to be one of the men that Cross & Abbott were to furnish the defendant, to apply on his contract with Rockingham, and agreed to accept what Cross & Abbott paid, or agreed to pay him, in lieu of what he would otherwise have been entitled to under that enlistment. The proof of all these things together would be admissible and proper to be considered in determining the plaintiff's right to recover upon the implied contract of the defendant, only because it would show that the intestate acted upon, and was to receive his bounty by way of, an express contract with Cross & Abbott, instead of an implied contract with the defendant, and in that way disprove the implied contract which the plaintiff's evidence had,

*prima facie*, proved. The implied contract would then be the contract in issue in the case. The other contracts would be in dispute collaterally only, to be considered and to have just weight given to them, if proved, in determining the facts which would raise the implied contract. For aught that appears, the other contracts made by the defendant, and the one made by the intestate with Cross & Abbott, if he made any with them, were made with persons living and competent to testify, and if either of them was the contract in issue, the defendant would be a competent witness. But the implied contract, and not either of the others, was the contract in issue, and the defendant did not make that contract with any person living and competent to testify upon the trial in the county court. Counsel for the defendant insist that, because the testimony of the intestate given upon the trial before the justice was put in evidence upon the trial in the county court, the defendant was a competent witness in the case in his own favor. The bill of exceptions does not expressly state which party put the former testimony of the intestate in evidence in the case, but from the order in which the case is stated, the inference is that the defendant did. Whether, if the plaintiff had done so, the defendant would have been a competent witness in his own favor upon the same subjects about which the intestate had testified in the testimony put in evidence, is not now decided. But the defendant could prove the former testimony of the intestate as an admission made by the intestate against himself, if he chose to do so, and the plaintiff could not have the testimony of the intestate to deny or explain the admission, and it is considered now that such proof of the former testimony of the intestate could have no effect upon the competency of the defendant. The statute is plain to the effect that when an administrator is a party, the other party shall not be admitted to testify in his own favor unless the contract in issue was made, originally, with a person who is living and competent to testify. The plaintiff is an administrator, the contract in issue was not made with a party living and competent to testify, and therefore the admission of the defendant to testify in his own favor is considered to have been erroneous.

As has been before mentioned, no contract between the defend-

ant and Rockingham, or between him and Cross & Abbott, could affect the rights of the intestate to his bounty for his enlistment upon the quota of Rockingham, or his right to recover it of the defendant, unless the intestate knew of the contracts so far as they related to his enlistment and bounty under it, and agreed to them to that extent, and agreed to take what Cross & Abbott paid, or agreed to pay him, in lieu of the claims he would otherwise have had. That part of the charge, stated by itself, seems to have allowed the contract between the defendant and Cross & Abbott to cut off the rights of the intestate, whether he knew and agreed to it or not. Perhaps this part of the charge was qualified in this respect by those parts of it not stated, but if not, it is considered to have been erroneous to that extent.

Judgment reversed and cause remanded.