ALMIRA FRENCH, ADMINISTRATRIX OF MOSES FRENCH'S ESTATE,
v. ASA BARRON AND BENJAMIN F. EATON.*

*Partnership. Witness.*

F. rented a store to B., who owned a quantity of drugs. B. made an arrangement
with E. by which they were to set up as druggists, B. furnishing goods and paying
rent, and E. managing the business, buying and selling, and sharing profits equally
with B. By direction of B., and for his convenience, goods were bought and sold
and advertisements made in the name of E. & Co., as though E. was in fact a
partner with B., and E., by B's direction, paid a part of the rent to F. out of the
proceeds of the business. F. had no notice of the nature of the arrangement
between E. and B. In an action by the administratrix of F. to recover for rent due,
it was *held* that as E. represented himself generally as a partner, and as F. had
no notice of the nature of the arrangement between E. and B., the contract should
be treated as between F. and E. & Co., and that, F. being dead, E. was incompetent
to testify as to the contract, or anything done under it prior to appointment of
the administratrix.

THIS case was referred. It appeared from the report that
the plaintiff sought to recover a balance due for the rent of a
store room belonging to the estate of which she was administra-
trix, of which the defendants, as ostensible partners in trade,
had, in the lifetime of the intestate, been tenants ; that the plain-
tiff introduced in evidence the intestate's books of account, show-
ing an account against the defendants for rent, with a balance
due thereon, and proved that the account was in the handwriting
of the intestate ; that she also introduced evidence tending to
show that the defendants were engaged as partners in trade while
in occupation of said store room.; that, the defendant Eaton being
produced as a witness, the plaintiff objected to the admission of
his testimony for the reason that it appeared that he was a part-
ner of defendant Barron, and a party to the contract, and there-
fore, the other party being dead, incompetent to testify, but that
his testimony was admitted ; that he testified that the arrangement
between himself and the defendant Barron was, that Barron

---

* Decided at the February Term, 1876.

should furnish the stock and pay the rent ; that the witness should manage the business, doing the buying and selling, and share the profits equally with Barron ; that by Barron's directions, and for his convenience, goods were ordered, advertisements made, and business in general done, in the name of Benjamin F. Eaton & Co., the same as though Eaton had been in fact a partner, and that the contract with the intestate for the store room was made by Barron, although Eaton paid the rent in part by Barron's directions, from the proceeds of the business ; and that there was no evidence tending to show that intestate knew or ever had any notice of the nature of the arrangement between the defendants. The referee reported that if the testimony of Eaton should have been rejected, he found due the plaintiff the sum of $130.88 ; but that if it was properly received, he found due the sum of $42.50 only. The court, at the December Term, 1875, BARRETT, J., presiding, ruled that Eaton was not a competent witness, and rendered judgment for the plaintiff for the larger sum ; to which the defendant excepted.

————— —————, for the defendant. .

*Samuel E. Pingree*, for the plaintiff, cited Gen. Sts. c. 36, s. 24.

The opinion of the court was delivered by

Ross, J. The only question presented by the report of the referee is in regard to the competency of the defendant Eaton as a witness. If he is not a competent witness in the case, the judgment of the County Court for the larger sum reported must be affirmed. From Dr. Eaton's testimony, it appears that the business which was carried on in the store for which rent is charged, was conducted by him as the active manager, in the name of Benjamin F. Eaton & Co. By conducting the business thus, Dr. Eaton held himself out to all persons doing business with the concern, as an active, visible, responsible partner, and whatever might have been his relations with Mr. Barron, he could limit his responsibility only by actual notice to those with whom the partnership dealt. The intestate had no such notice, and had the right to treat Dr. Eaton as one of the parties contracting for the

use of the store. The contract then must be treated in fact what it was in name, a contract between the intestate and Benjamin F. Eaton & Co. Hence, as regards the intestate, being a legal party to the contract, by the statute, Dr. Eaton is excluded from testifying to anything touching the contract, or that was done under it prior to the appointment of the administratrix. On the facts testified to by Dr. Eaton, it is not clear that he was not an actual partner in the business. It seems he put his labor and experience against the stock on hand and rent of the store furnished by Mr. Barron. The profits were to be shared equally between them. His testimony is silent in regard to losses if such should be incurred. Usually, where nothing is shown to the contrary, he who shares the profits must help bear the losses. There are cases in which it has been held that a person receiving a portion of the profits merely as compensation for his services, would not thereby render himself responsible as a silent partner for the debts incurred in conducting the business, because he was not an actual or ostensible partner. Whether the facts reported bring this case into that class, we have no occasion to decide, as it is clear that one who advertises himself as an ostensible partner, cannot shield himself from liability behind a secret arrangement with the other partners, only so far as he brings knowledge of such arrangement to the creditors of the partnership.

Judgment affirmed.