H. N. MELENDY, ADMR. OF MILES BENNETT'S EST., v.
CLARK P. AND JULIA SPAULDING.

*Trover.    Witness.    Expert.    Presumption.    Practice.
Certified Execution.*

1. In an action of trover for the conversion of government bonds owned by the plaintiff's intestate, the defendants were disqualified as witnesses by the R. L. s. 1003, as to what occurred before the appointment of the plaintiff as administrator, except to explain facts and circumstances which took place after the death of the intestate.
2. The question being whether certain expert testimony was admissible, the Supreme Court presumed that the witnesses were experts, as the exceptions showed nothing to the contrary.
3. The question before the referee being the intestate's mental capacity to make a gift, one witness, an expert, was asked: "What is your opinion as to his capacity to dispose of and manage property of several hundred dollars in one transaction?" and answered, "I should doubt his ability to convey that amount of property"; another witness, also an expert, was asked: "Was his mind in such condition that he could understandingly dispose of 500 dollars in government bonds?" and answered "I don't think it was." *Held*, that the only objection was to the *second question*, and this, that it was leading in form; and that was in the discretion of the referee.
4. Unless such limitations are imposed by the parties in the agreement to refer, and the same became a part of the rule, the referee is not bound to conform to the strict rules of law in the examination of witnesses and admission of testimony.
5. The granting or refusing of a certified execution in actions of tort is largely a matter of fact to be determined by the County Court. And if the case had been referred, the court could investigate this subject on other evidence than that before the referee.
6. R. L. s. 1003, qualification of witness, construed.

HEARD on the report of a referee, April Term, 1881, POWERS, J., presiding. Judgment, *pro forma*, for the plaintiff to recover the larger sum reported.

Action, trover. The plaintiff is the administrator of the estate of Miles Bennett, deceased. The suit was brought to recover the value of certain government bonds and money which the plaintiff claimed the defendants received of said Bennett in his life time, and since converted to their own use. The following question was asked E. P. Mudgett, a witness for the plaintiff:

What is your opinion as to his (Bennett's) capacity to dispose of and manage property of several hundred dollars in one transaction?

The referee allowed him to answer:

Ans.　My opinion is I should doubt his ability to convey that amount of property.

The referee also allowed the following question to, and answer by, another witness, Dr. J. B. Jordan:

Q.　Was his (Bennett's) mind in such condition that he could understandingly dispose of five hundred dollars in government bonds ?
Ans.　I don't think it was.

A motion was made for a certified execution.　The court recommitted the report to the referee to report facts to enable it to determine the motion.　He re-examined his minutes of the testimony taken upon the hearing before him, and submitted an additional report.　The other facts appear in the opinion.

*Henry Ballard* and *Geo. L. Waterman,* for the defendants.

In this case—as in all actions of trover—the " cause of action in issue and on trial" is the conversion of the U. S. bonds; the conversion is the gist of the action.　The substantial issues or questions litigated in the trial of this case were the mental capacity of Bennett to make a valid gift, and the demand for and the refusal to give up the bonds to the administrator, Melendy.　The material question, then, is, who were the " original parties" to this " cause of action ?"　As the *conversion* of the bonds was the gist of the action, who were the " original parties" to the conversion ?　If this court should hold that the conversion took place at the time when the demand was made by the administrator upon Julia Spaulding, in the absence of her husband, when she had possession of the bonds, and she refused to deliver them, then, in that case, the " original parties" to that transaction or " cause of action in issue" would be the administrator, Melendy, and Julia Spaulding.　And as neither of these parties is dead, the defendants, or either of them, would not be excluded as witnesses by the statute.　An expert can be permitted to give his opinion upon a question of mental capacity based upon facts proved by other witnesses.　1 Green. Ev. s. 440.　But neither an ordinary witness nor an expert can be asked to give his opinion as to the mental capacity of a party to do or perform the very transaction in question, as this is putting the witness in the jury box and ask-

ing him to decide the case. *Fairchild* v. *Bascomb*, 35 Vt. 416. The court erred in granting a certified execution. 35 Vt. 518.

*M. O. Heath*, for the plaintiff.

The reference being general in this case, all decisions made by the referee are final and conclusive, except such as are submitted to the court by the report. *Learned* v. *Bellows*, 8 Vt. 79 ; *Steen* v. *Woodworth*, 17 Vt. 297 ; *White* v. *White*, 21 Vt. 250 ; *Cutting* v. *Stone*, 23 Vt. 571 ; *Park* v. *Pratt*, 38 Vt. 545 ; *Riley* v. *Noyes*, 44 Vt. 455.

The presumption is that the witnesses were professional experts. 1 Best Ev. 616 ; 4 Iowa, 468 ; 19 La. 162 ; 41 Penn. St. 470 ; 2 Vt. 181 ; 31 Vt. 617 ; 38 Vt. 209 ; 33 Vt. 182 ; 43 Vt. 428. The evidence was admissible. 33 Vt. 15, 124 ; 41 Vt. 99 ; 2 Best Ev. p. 944, n. ; 31 Ga. 424. Plaintiff entitled to certified execution. 39 Vt. 177 ; Waite Act. & Def. 6, 178 ; 2 Green. Ev. 642 ; 22 Vt. 35 ; 35 Vt. 515 ; 42 Vt. 262.

The opinion of the court was delivered by

Ross, J. I. The defendants were properly excluded, by the referee, as witnesses to what occurred before the appointment of the plaintiff as administrator, except to explain facts and circumstances which took place after the death of the intestate. They are expressly disqualified by Sec. 1003, R. L. *Fitzsimons* v. *Southwick*, 38 Vt. 509 ; *Walker* v. *Taylor*, 43 Vt. 612 ; *French* v. *Barron et al*, 49 Vt. 471 ; *Roberts* v. *Lund*, 45 Vt. 82. The case does not fall within the principles of sec. 1002 R. L., on which the defendants' counsel have based their argument on this exception.

II. The defendants contend that the referee erred in admitting the testimony of E. P. Mudgett and of Dr. J. B. Jordan, which was objected to. It does not appear whether these witnesses were professional experts on the subject in regard to which they were inquired of. It is to be presumed that they were such experts so long as nothing is shown to the contrary. It is incumbent upon the excepting party to have every fact appear, necessary to show

error in the ruling excepted to. Error will not be presumed. But it is contended if they were professional experts in regard to the subject to which the inquiry related, the inquiries were improper on the ground they made the witnesses really jurors in the case. The principal question in the case was as to the mental capacity of the intestate at the time he made the alleged gift to the defendants. Mr. Greenleaf says: "But where scientific men are called as witnesses, they cannot give their opinions as to the general merits of the case, but only their opinions upon the facts proved." 1 Greenleaf's Evidence, s. 440. Judge ALDIS in *Fairchild et al.* v. *Bascomb et al.*, 35 Vt. 398, discusses this subject at length and reviews the authorities, and on this particular branch of the subject says: "What is sufficient capacity to transact business, or to make a will, is a matter of law, depending somewhat upon the nature of the business. A witness may not correctly apprehend the rule of law, and if he uses such expressions may be misled himself, or may mislead the jury. Hence the question should be framed so as to require him to state the measure of the testator's capacity in his own language, and by such ordinary terms or forms of expression as will best convey his own ideas of the matter, or, to use Judge RUFFIN's expression in *Crowell* v. *Kirk*, 3 Dev. 358, to state the degree of intelligence or imbecility ' in the best way he can.' " Under this rule we do not think the question to, and answer by, the witness Mudgett was objectionable, nor the question to, and answer by, the witness Jordan, except it was leading in form. It does not appear that there was any objection to the form of the question, and if there were, that matter rested largely in the discretion of the referee. If each witness had been asked his opinion of the intestate's ability to dispose of his property, and had answered in substance as he did, no valid objection could, under the above rule, be taken to the substance of the testimony. But whether these questions and answers were strictly correct in form is immaterial. The parties agreed to try the case by a referee. They selected their own tribunal, and in the agreement to refer the case did not impose any limitations upon the referee in regard to the manner in which he should conduct the trial, whether according to the strict rules of law or not. Unless such limitations

are imposed by the parties in the agreement to refer, and the same became a part of the rule, the referee is not bound to conform to the strict rules of law in the examination of witnesses and admission of testimony. *Cutting* v. *Stone,* 23 Vt. 571, and other cases cited by plaintiff's counsel.

III. The granting or refusing a certificate that the cause of action arose from the *wilful or malicious act or neglect* of the defendants in actions of tort is largely a matter of fact to be determined by the County Court, and so far as the decision of that court is based upon its finding such facts as are necessary to support the certificate, it is not revisable in this court. *Robinson* v. *Wilson,* 22 Vt. 35 ; *Soule* v. *Austin,* 35 Vt. 515 ; *Whiting* v. *Dow,* 42 Vt. 262.

The action is one in which a certificate could properly be granted. The facts found by the referee are such that no error in granting the certificate appears affirmatively. It is not stated that the County Court granted the certificate wholly upon the facts reported by the referee. It might have investigated this subject on evidence independent of that used before the referee. The motion for the certificate was addressed to the court to be determined on such evidence as might be adduced. The question is not whether the different members of this court would have found the necessary facts to uphold granting the certificate. It is rather, does error appear affirmatively in the action of the County Court in this particular? We think it does not.

This disposes of all the exceptions now relied upon by the defendants.

The judgment of the County Court is affirmed.