NOEL B. BLAIR, Admr. of P. O. WETHERBEE'S ESTATE *v.* ORSEMOUS ELLSWORTH.

*Set-off. Witness Act, R. L. s.* 1002. *Usury.*

1. A plea in set-off is allowable against a claim for usury.
2. The p'aintiff having deceased, his administrator having entered to prosecute the suit, and on the hearing before a referee, the testimony which the plaintiff had given on a former trial having been reproduced by witnesses who testified from "recollection solely," the defendant is not a witness in his own behalf as to what the d.ceased party testified to, or, as to the reproduced testimony.
3. R. L. s. 915, set-off; s. 1002, witness act, construed.

Assumpsit. Heard upon the report of a referee, September Term, 1882, Royce, Ch. J., presiding. Judgment on the report for the defendant upon his plea in offset to recover the sum of $53.12. Exceptions by plaintiff. The case is stated in the opinion of the court.

*G. A. Ballard,* for the plaintiff.

*Charles Soule,* for the defendant.

The opinion of the court was delivered by

VEAZEY, J. This is an action of assumpsit originally brought before a justice of the peace to recover usury claimed to have been paid by the deceased plaintiff P. O. Wetherbee in his lifetime, to the defendant, upon some promissory notes which the former owed the latter. A trial was had before the justice and an appeal taken to the County Court; and the case was there referred. After the cause was entered in the County Court, and before the trial before the referee, the plaintiff deceased and the administrator upon his estate entered and has since prosecuted the cause. The defendant pleaded in offset before the justice the interest due upon said notes. The plaintiff Wetherbee and the defendant both testified on the trial before the justice. The referee finds that it was proved before him that Wetherbee testified in the justice trial that he paid the defendant the extra interest as stated in his specifications. It appears that it was only by reproducing this testimony that the administrator could establish such payments, except some items that the defendant admitted. Wetherbee's testimony was not taken in writing by the magistrate or by a stenographer; but one of the counsel on that hearing took minutes of it. The referee allowed that testimony to be reproduced by the testimony of the magistrate and one of Wetherbee's counsel, who testified from " recollection solely," as stated in the report. Against the objection and exception of the plaintiff the referee allowed the defendant to testify upon such points as Wetherbee testified to in the justice trial, and so far as the testimony was reproduced before him and no farther. This testimony of the defendant was material, if admissible, and affected the result as found by the referee. The defendant objected and excepted to the plaintiff reproducing Wetherbee's testimony, but was satisfied with the judgment, and the case stands only on the plaintiff's exceptions. The referee allowed the offset as claimed before the justice, to which the plaintiff excepted.

The judgment of the County Court on the report was upon the theory that the referee was correct in allowing said offset and in admitting the defendant to testify as aforesaid; therefore it was error if either of the plaintiff's exceptions was well taken, the

plaintiff having filed exceptions to the report and to the judgment on the report.

I.   The plaintiff's counsel insists that an offset is not allowable as against a claim for usury because such claim is not founded " on contract express or implied."   R. L. s. 915.

If a person pays more than the legal rate, he may recover the excess " in an action of *assumpsit*."   R. L. s. 2000.

There is no express contract to repay, but the defendant holds the plaintiff's money against right, and the statute has expressly provided for recovery of it in a form of action resting solely in promise express or implied.   The statute in providing a remedy seems to have fixed the character of the defendant's holding of the money.   But irrespective of this, implied contracts are those which the law raises, or presumes, by reason of some value or service rendered, and because common justice requires it.   Kent's Com. vol. II. p. *450.   We think this is one of the class of cases where from the circumstances ·the law implies a legal obligation and a promise, though there was no express promise and no intent between the parties to enter into a contract.   *Paddock* v. *Kittredge*, 31 Vt. 384 ; *Sumner* v. *Wilson*, 8 Mass. 161.   The offset was properly allowed.

II.   The more important and difficult question is as to the right of the defendant to testify, the original plaintiff Wetherbee being dead.   He was disqualified as a witness unless saved by the last exception to section 1002, Revised Laws, which is as follows : " Or upon a question upon which the testimony of the party afterward deceased or insane has been taken in writing or by a stenographer in open court, to be used in such action and is used therein."

As before stated, the testimony of Wetherbee " taken in writing or by a stenographer " was not offered in evidence before the referee, but it was proved by witnesses from recollection.   This was done under the common law rule that the testimony of a witness on a former trial of the same cause, but since deceased, may be reproduced, and may be proved by any person who will swear

27

from his memory to its having been given. *Mayor of Doncaster* v. *Day*, 3 Taun. 262 ; *Glass* v. *Beach*, 5 Vt. 172. This applied to parties as well as other witnesses after the statute of 1852, (R. L. s. 1001,) was enacted removing the disqualification of interest in a witness whether a party or not. But with the view of preserving equality between the parties as witnesses, a proviso was attached to this statute to the effect that when one party was dead or insane the other party could not be a witness. This provision was absolute, and the statute remained in this way until 1876. In 1871 a case arose where the *defendant* reproduced at a subsequent trial the testimony of the original plaintiff given at a former trial, but since deceased, and it was held that under those circumstances the defendant could not be admitted to testify, but the court declined to say what the rule would be if the *administrator* who had entered as *plaintiff* had reproduced that evidence. · *Walker, Admr.* v. *Taylor*, 43 Vt. 612. I find no other case where this question was raised. In 1876, an act was passed constituting what is above quoted as an exception to section 1002 of the Revised Laws, (No. 66, Public Acts of 1876). Therefore from 1852 to 1876, there was no express statute giving the living party a right to testify to meet the reproduced testimony of the person who was alive and was a party and testified at a former trial of the same cause, but who has since deceased. In 1876, the legislature passed in addition to No. 66, *supra*, another act, No. 83, in further amendment of the proviso to the act of 1852, enlarging the right of the living party to testify, but not so as to meet the demands of this case. Thus the subject was brought to the attention of the legislature in two bills, after the decision in *Walker* v. *Taylor*, *supra*, and was left as it appears in section 1002, R. L. The language of that section is not uncertain or doubtful, therefore there is but little occasion for the office of interpretation. But if that is resorted to, one rule is to bring the sense *out* of the words used, and not to bring a sense *into* them. Potter's Dwarris on Statutes, p. 144. Under another rule that the intent, and not letter, should govern, it is urged that there is no good reason for the limitation which the words import, and therefore no such limitation should be put upon the statute. There would be more

force in this if the language was obscure. The plain meaning of the language used, with the circumstances under which it was used as above shown, makes it seem to us more likely that the legislature, for some reason satisfactory to itself, intended to go no further than is fairly implied by the words of the statute, and not to provide that the living party might testify in any case where the testimony of the deceased party on a former trial is reproduced, though not taken in writing or by a stenographer to be used in the suit. It seems to us better to leave the remedy to the legislature if there is necessity to go further than it has gone, than to practically legislate by construction, as we think would be the effect if we adopted the construction contended for by the defendant. Courts have no right to violate well-settled rules of interpretation for the sake of making a better statute than the legislature has seen fit to make. The foregoing are the only exceptions now insisted upon by the plaintiff. The referee made alternative findings, and the County Court rendered judgment upon the basis that the defendant was properly allowed to testify as above stated. With the testimony of the defendant excluded, as it should have been, the judgment of the County Court would have been for the defendant to recover upon his plea in offset the sum of $25.73, being the excess of the sum allowed on said plea over the sum allowed upon the plaintiff's claims under the declaration.

Judgment reversed and judgment for the defendant to recover $25.73, and interest.