[No. 9912. In Bank. — December 29, 1888.]

WILLIAM B. LATHAM, JR., *v.* P. H. BLAKE ET AL. THOMAS B. ROWE, ASSIGNEE OF PLAINTIFF, RESPONDENT, GEORGE W. OSBORN, APPELLANT.

EXECUTION — JUDGMENT CANNOT BE LEVIED UPON AND SOLD AS SUCH. — A judgment, being but the evidence of the debt, and not the debt itself, cannot be levied upon as such and sold under execution.

APPEAL from an order of the Superior Court of the city and county of San Francisco ordering an execution to issue.

The facts are stated in the opinion of Department One.

*W. H. Fifield,* and *Garber & Bishop,* for Appellant.

A judgment, under the Code of Civil Procedure, may be levied upon and sold under execution. (Code Civ. Proc., sec. 688; Freeman on Executions, sec. 112; *Webster* v. *McDaniel,* 2 Del. Ch. 297; *Hanna* v. *Bry,* 5 La. Ann. 651; *Righton* v. *Slidell,* 9 La. Ann. 602; *Safford* v. *Maxwell,* 23 La. Ann. 346; *O'Brien* v. *Odell,* 10 Smedes & M. 371; *Crabb* v. *Jones,* 2 Miles, 130; *Sweeney* v. *Allen,* 1 Pa. St. 380; *Fithian* v. *N. Y. etc. R. R. Co.,* 31 Pa. St. 114; *Penniman* v. *Smith,* 5 Lea, 130; *Osborn* v. *Cloud,* 23 Iowa, 104; 92 Am. Dec. 413; *Adams* v. *Hackett,* 7 Cal. 202; *Fore* v. *Manlove,* 18 Cal. 436; *Southard* v. *McBrown,* 63 Cal. 545; *Pacific Bank* v. *Robinson,* 57 Cal. 522; 40 Am. Rep. 120.) The levy in question was properly made. (*McBride* v. *Fallon,* 65 Cal. 301; *Dore* v. *Dougherty,* 72 Cal. 232; *Blood* v. *Light,* 38 Cal. 653; 99 Am. Dec. 441.) The sale of the judgment was according to law. (Code Civ. Proc., secs. 691, 699; Freeman on Executions, sec. 112; Herman on Executions, sec. 157; *Safford* v. *Maxwell,* 23 La. Ann. 345.)

*Lewis & Dibble,* and *Haynes & Mitchell,* for Respondent.

The COURT.—Upon rehearing, the order appealed from in this case is affirmed, for the reasons given in the opinion filed in Department One, May 14, 1888, which opinion will stand as the opinion of the court in Bank.

PATERSON, J., dissenting.—I dissent. The facts of this case are fully stated in the opinion of the department. It was there held, upon the authority of *Dore* v. *Dougherty,* 72 Cal. 232, that the sale of the judgment against Blake to Osborn, under the execution against Latham, did not "operate as an assignment so as to vest in Osborn such right or title to the judgment as to entitle him to enforce it"; and such being the fact, the order of the court below should be affirmed.

In the consideration of the case, other questions raised

by the appellant were overlooked, it being assumed that the invalidity of the sale to Osborn was a sufficient fact upon which to affirm the order of the court below. It is now urged by appellant upon rehearing that, conceding the point made in department against the validity of the sale to Osborn,—and I have no doubt of the correctness of the decision upon that question,—the order of sale under which appellant claims was an appealable order, and not having been appealed from, became a final and conclusive adjudication as to appellant's right to the Latham-Blake decree.

I am of opinion that this contention is sound. The order of sale was a "special order made after final judgment," and was therefore an appealable order, and no exception to it was necessary. (Code Civ. Proc., sec. 963, subd. 2, 647.) The order is not void on its face. The evidence upon which the court made the order is not in the record of the case in which it was issued. I think the court had the right to determine in that action who was the owner of the decree, and give him the benefit of the execution thereof, without Osborn becoming a party plaintiff. (Code Civ. Proc., sec. 385; *Mastick* v. *Thorp,* 29 Cal. 448.) If the court had no such authority, then the order made herein and issued to respondent is void, and ought to be reversed. Upon the face of the order it is adjudicated that "Osborn has succeeded to the ownership of the judgment." There may have been evidence of Osborn's ownership other and better than the return on the execution sale and the sheriff's certificate. It does not appear that no other evidence of his ownership was given.

Of course there could be no adjudication as to the ownership of the judgment against Latham, unless Latham had notice of the proceeding taken by Osborn, resulting in the order issued to him. On behalf of appellant, it is claimed that, as the record is silent upon the question of notice, it will be presumed (if it be necessary to show

that notice was given,—which he denies, this being a collateral attack) that notice was given; but counsel for respondent claim that no presumption attends this order, because it is an order taken after final judgment, and Osborn was a stranger to the record.

Whatever may be the rule applicable to direct attacks on judgments and orders, the general rule as to presumption of jurisdiction applicable to proceedings in courts of general jurisdiction, involving collateral attacks, is so well known that it is unnecessary to repeat it here. (See cases cited in *Ex parte Sternes*, 77 Cal. 156; Freeman on Judgments, secs. 116, 124; *Brodrib* v. *Tibbits*, 63 Cal. 80; *Luco* v. *Commercial Bank*, 70 Cal. 339.)

There is no direct attack here upon the order of sale. The notice of motion is "for an order directing the issuance of an order of sale in favor of Thomas B. Rowe, the assignee decreed therein, and to set aside the sale and sheriff's return therein, made upon application of G. W. Osborn." The grounds of the motion were, that no one interested in the decree directed the issuance of the order of sale; that it was *issued and executed against the objection of the judgment creditor*, and that Osborn had no interest in the decree. The order herein appealed from does not disturb the former order of sale, but directs that an order of sale issue in favor of Rowe. The court and counsel for respondent seem to have treated the order as void on its face. If void on its face, perhaps the court might order a new sale, without any direct proceeding to set aside the void order; but I think the presumption of jurisdiction, which is applicable generally to the orders of superior courts, should be applied to the order before us herein. I see no distinction between orders made before judgment and those made after judgment, when the order does not show on its face whether the parties were in court. (*Hughes* v. *Cummings*, 7 Col. 138.) It is true, after judgment *actual* notice must be given by a stranger to the

record, but on a collateral attack the presumption is that actual notice was given. The presumption applies to all orders of a court of general jurisdiction. Not to presume notice here must result in a presumption that the superior court acted without jurisdiction, although there is nothing to show whether it had or had not jurisdiction, and this on a collateral attack.

Another answer to the contention of respondent on this question is his statement in the notice of motion herein that the order of sale issued to Osborn was *issued and executed against the objection of the judgment creditor.* This seems to be an admission that Latham was present objecting when the order of sale was issued to Osborn. It further appears that Latham was present at the sheriff's sale, "and claimed to be still the owner of such judgment"; that he knew of the sheriff's deed to Osborn, and Osborn's improvements under the said order of sale. These facts are not disputed.

Aside from the statement in the notice of motion above referred to, and the presumption of notice, which I think should be indulged, the record being silent, all the facts in the case point to actual notice by Latham of the order of sale issued to Osborn,—if not notice of the application for the order, at least notice of the order itself a short time after the order was made, and whether the remedy by appeal from such orders be exclusive or concurrent with the right to move to set the order aside. I think that the circumstances of this case are such that it would be an abuse of discretion to grant the motion. The respondent's delay to move for over two years after the sheriff's deed had been with his knowledge delivered to Osborn, and the latter's money placed to his credit in satisfaction of the judgment against him in *Page* v. *Latham,* coupled with his knowledge of Osborn's possession and improvement of the property, ought in equity and in conscience to operate as a waiver of the right to move.

The following is the opinion of Department One, above referred to: —

SEARLS, C. J.—This is an appeal from an order of the court below, directing an order of sale to issue, in favor of Thomas B. Rowe (assignee of plaintiff), upon a decree rendered in said court on December 31, 1879, in favor of William B. Latham, Jr., plaintiff, against P. H. Blake *et al.*, defendants. The decree was for the payment of a large sum of money, which was adjudged to be due from Blake to Latham, and which was declared to be a lien upon certain premises described in said decree. It was further decreed therein that the premises be sold to satisfy said indebtedness, and that the defendants be barred and foreclosed of all right, estate, and interest in the premises. After the rendition of said decree, to wit, on May 6, 1881, one E. A. S. Page recovered in another department of said court a judgment for money against the said William B. Latham, Jr. An execution was issued upon said last-mentioned judgment, which was afterwards returned partly satisfied. An *alias* execution was issued March 8, 1882, for the unpaid balance on said judgment. This *alias* execution was, on March 9, 1882, levied upon the before-mentioned judgment and decree in favor of Latham against Blake and others, by delivering to and leaving with the said Blake personally a copy of the writ, together with a notice in writing, "that all moneys, goods, credits, effects, debts due or owing, or any other personal property in possession or under control of" said Blake belonging to the defendants in the writ, or either of them, were attached, and not to pay over or to transfer the same to any one but the sheriff. Pursuant to notice duly given, the said judgment and decree was sold at public auction on March 15, 1882, to George W. Osborn, for the sum of $603.05, and the execution in the case of Page against Latham was returned satisfied. A certificate of sale was issued to Osborn March 16, 1882. On May 25, 1882, on motion of said

Osborn's attorney, an order was granted by the judge of the department in which the said judgment and decree in favor of Latham against Blake and others was recovered, *reciting that it appeared to the court that the said Osborn had "succeeded to the ownership of the judgment"* in the cause, and *directing that an order of sale be issued* by the clerk *for the use of said Osborn.*

An order of sale was thereupon issued May 26, 1882, directing a sale of the premises described in said decree, to satisfy the adjudged indebtedness. The premises were sold under said order June 22, 1882, and were purchased in parcels by the said Osborn for the aggregate sum of $1,630. The sheriff issued a certificate of sale to the purchaser in due form; and afterwards, on December, 28, 1882, a sheriff's deed was executed, which was recorded September 14, 1883. Latham executed an assignment in due form of the judgment and decree against Blake to Thomas B. Rowe, on October 13, 1884. On November 11, 1884, Rowe filed in the superior court a petition entitled in the action of *Latham* v. *Blake,* setting forth in brief the facts as to the levy and sale of the judgment therein under the execution in *Page* v. *Latham,* alleging that the order of sale was issued without "authority from *this* plaintiff, or any one authorized by him"; that he was the absolute owner of the judgment; that the order of sale was recited therein to have been made for the benefit of Osborn, and at his instance, and that the said Latham, on October 13, 1884, "assigned and transferred all his right, title, and interest in and to the said decree to the petitioner, who was averred to be the lawful owner thereof," and praying that the proceedings taken by said Osborn under said decree be vacated and set aside, and that an order of sale issue in favor of the petitioner. Notice was served upon Osborn that a motion would be made for the issuance of such order of sale to Rowe, and to set aside the sale and return made upon Osborn's application, upon the ground that such

prior order was unauthorized by the judgment creditor or his assignee, or any person interested in the decree, and was issued and executed against the objection of the judgment creditor, and that Osborn had no interest in the decree. No notice was served on Blake, or any other of the defendants in *Latham* v. *Blake*, nor did any of them appear in the proceedings. The application was heard on the records, minutes, and papers in *Latham* v. *Blake* and *Page* v. *Latham*, showing the above recited facts, and upon certain affidavits of Osborn and Latham.

Osborn's first affidavit set forth his purchase of the judgment in *Latham* v. *Blake*, under execution in *Page* v. *Latham*, and alleged that the price paid was a fair price therefor on account of certain alleged supposed defects; that at the sale under the order of sale issued upon said judgment and decree, Latham was present and asserted his right to the same; that the affiant was compelled to buy in the property; that he had received his certificate of sale and deed *with the knowledge of Latham*, who had never offered to repay to the affiant any part of the sum paid by him for said judgment and decree, and that under his deed the *affiant entered into possession and made certain improvements with Latham's knowledge, and had ever since remained in possession and paid the taxes on the land.*

Latham in his affidavit averred, "on information and belief," that in purchasing said judgment and decree, and in his subsequent proceedings, Osborn was acting at the instigation and for the benefit of Blake, and was using his money, and that the price paid for the judgment and decree was not a fair price, but that the same was fully worth five thousand dollars. In a second affidavit Osborn denied that he was acting in these transactions at the instigation or for the benefit of Blake, or with his money, but averred that he was acting for himself, and was using his own money.

Upon the hearing of Rowe's application, the court simply made an order that "an order of sale issue herein

in favor of Thomas B. Rowe," saying nothing of the previous order of sale and sale thereunder. It is from this order that the present appeal was taken.

The important question involved in the appeal is this: Did the sale of the judgment and decree against Blake, to Osborn, under the execution against Latham, the judgment creditor, operate as an assignment, so as to vest in Osborn such right or title to the judgment as to entitle him to enforce it?

If not, the order of the court below should be affirmed, for although the order under which the execution issued in favor of Osborn recited that he "had succeeded to the ownership of the judgment" in *Latham* v. *Blake,* it is apparent from the record that he only became such owner by virtue of his purchase thereof on an execution sale against Latham. He counted upon his ownership of the judgment thus acquired, in opposing the motion and order from which he appeals.

We need not pause to give expression to such views as we might entertain were the question an open one. The former decisions of this court have eliminated from it so many of the considerations which address themselves to the mind that the whole subject is embraced within very narrow limits.

In *McBride* v. *Fallon,* 65 Cal. 301, it was held in substance,—1. That a judgment is but the evidence of a debt; 2. That it is the debt itself, and not the judgment, which may be taken under a writ of attachment or upon execution; 3. That a judgment cannot be levied upon as such and sold under execution.

The decision does not expressly declare that the debt, of which the judgment is the evidence, may not be reached by execution, but plainly indicates that if it can be so reached it is only by the modes provided for reaching debts and credits and other property not capable of manual delivery which may be attached on execution in

like manner as upon writs of attachment. (Code Civ. Proc., sec. 688.)

This character of property can only be attached as provided by subdivision 5 of section 542 of the Code of Civil Procedure,—that is, by leaving with the person owing such debts, etc., a copy of the writ, and a notice that the debts owing by him to the defendant are attached in pursuance of such writ.

The court further holds that the code having thus provided a mode of procedure in such cases, it is exclusive.

We suppose this last conclusion is based upon the theory that as the statute gives a right unknown to the common law, and prescribes the method for its enforcement, no other can be followed.

In the later case of *Dore* v. *Dougherty*, 72 Cal. 232, in which the levy upon the judgment was made precisely as in the present case, and the judgment was sold there as here, the court held that the judgment was not, under the statute, subject to levy and sale.

We need not repeat the reasoning of the court in this last case. As we understand them, the two cases cited cover and are conclusive of the subject of the contention in the case at bar.

Whatever right Osborn obtained by virtue of his garnishment of the debt, due from Blake to Latham, he may perhaps enforce by the appropriate method. To sell the judgment was not the method under our statute as interpreted by this court.

The order appealed from is affirmed.

McKINSTRY, J., and PATERSON, J., concurred.