## ACME HARVESTING MACHINE CO. v. HINKLEY et al.

A judgment is "personal property," and therefore subject to levy and sale on execution, as provided by Rev. Code Civ. Proc. §§ 336, 340.

A judgment is not subject to execution except by authority of statute and in strict accordance with the method prescribed.

An action will not lie to recover personal taxes except under Laws 1909, p. 308, c. 209, providing for actions to collect delinquent taxes against nonresidents having no property within the state; such personal taxes being otherwise collectible only by distress and sale, as provided by Rev. Pol. Code, § 2162.

A judgment in favor of a taxpayer, though personal property is intangible and cannot be taken or levied on in distress proceedings to recover taxes owing by the judgment creditor.

Distress for the collection of taxes is not a judicial process, and hence only such property can be distrained as is tangible and capable of seizure and sale.

(Opinion filed, June 26, 1909.)

Appeal from Circuit Court, Marshall County. Hon. J. H. McCoy, Judge.

Action by the Acme Harvesting Machine Company against W. L. Hinkley and others. From an order overruling a demurrer to plaintiff's complaint, defendants appeal. Affirmed and remanded.

*Byron Abbott* and *Otto L. Kaas,* for appellants.

These taxes became a lien against the personal property of the Acme Harvester Company upon the first day of each December after the levy, and when the respondent purchased and took an assignment of this judgment from the Acme Harvester Company, it took this judgment subject to the lien for taxes. Sec. 2191 Rev. Pol. Code 1903; Hulin v. Butte County, 10 N. W. 739. The common-law rule that judgments were not subject to sale under execution has been changed by statute. Sec. 340, Code of Civ. Proc.; McLaughlin v. Alexander, 2 S. D. 226. The statute does not require the sheriff to serve notice of levy on the judgment creditor, nor does it require him to take possession of the property. St. Anthony & D. Elevator Co. v. Soucie, 83 N. W. 212; Newell v. Clark, 46 N. J. L. 363; Furbish v. Chappell, 105 Pa. St. 187; Forth v. Pursley, 82 Ill. 152; Wehle v. Conner, 83 N. Y. 232; Van Cise v. Bank, 4 Dak. 501; New Richmond L. Co. v. Rogers, 32 N. W. 700.

*Sears & Potter,* for respondent.

A judgment is the subject of levy and sale on execution. Code Civil Proc., Sec. 336. The law does not contemplate or authorize the sheriff or county treasurer to levy upon intangible property, under a tax warrant. Sec. 2180-2185 Pol. Code.

SMITH, J. This is an appeal from an order overruling a demurrer to plaintiff's complaint. The complaint alleges, in substance: That in the month of January, 1905, the Acme Harvester Company, a foreign corporation, obtained a judgment in the circuit court of Marshall county against one Hinkley for $1,071.25; that at the time said judgment was entered there were unpaid personal property taxes for six years preceding against the Acme Harvester Company in Marshall county, amounting to $94.36; that on December 5, 1905, a warrant, issued out of the office of the county treasurer, was placed in the hands of the sheriff, authorizing and directing him to collect such delinquent taxes out of the personal property of the Acme Harvester Company; that the sheriff, in the execution of said tax warrant, undertook to levy upon the said judgment by serving a notice of levy on the attorney who recovered the judgment and filing a copy of such notice with the clerk of the circuit court; that on December 11, 1905, the sheriff sold said judgment to one Lee for $50 and filed a certificate of such sale with the clerk of the circuit court; and that on December 12, 1905, said purchaser, Lee, filed a satisfaction of said judgment in the office of the clerk of court. The defendants Kass and Guy were sureties on an undertaking given by Hinkley on appeal, and the defendants Amphlett and Wilson were, respectively, clerk of court and treasurer of Marshall county. The plaintiff prays that the satisfaction of the judgment entered by the purchaser, Lee, on December 12, 1905, be set aside to the end that execution may issue on said judgment against Hinkley, the judgment creditor. All the defendants join in a demurrer to the complaint, which was overruled, and defendants appeal.

The demurrer was based upon three grounds; but in the view we take of this case it is only necessary to consider the first, viz., that the attempted levy of the sheriff upon the judgment, under the tax warrant was wholly and absolutely void. That a judgment is personal property and is subject to levy and sale on execution is

clear. Sections 336, 340, Rev. Code Civ. Proc; McLaughlin v. Alexander, 2 S. D. 226, 49 N. W. 99. But a judgment is not leviable except by authority of such statute, and such mode of levy must be strictly pursued. Section 98, c. 28, p. 65, Laws 1897 (section 2162, Rev. Pol. Code), provides: "No demand of taxes shall be necessary in order to fix the liability of the person against whom they are assessed, but it shall be the duty of every person subject to taxation under the law to attend at the office of the treasurer having charge of the collection of such taxes and pay his taxes; and if any person neglect so to attend and pay his taxes until after the first day of February in the year next succeeding the levying of the taxes, such treasurer is directed and required to collect the same by distress and sale. * * *" That an action will not lie for recovery of personal taxes has been repeatedly held by this court. Brule Co. v. King, 11 S. D. 294, 77 N. W. 107; Danforth v. McCook Co., 11 S. D. 258, 76 N. W. 940. And in Hanson Co. v. Gray, 12 S. D. 124, 80 N. W. 175, the question was again reexamined and the former decisions adhered to. These cases fully establish the doctrine in this state that the collection of personal taxes by distress and sale is the only and exclusive method of procedure. It may be proper to note, however, that the legislative assembly, by chapter 209, p. 308, Laws 1909, has expressly authorized county treasurers to maintain an action in the circuit court to collect delinquent personal property taxes against any person who is not a resident of the county and has no property therein, and this proceeding is applicable to all taxes which have theretofore been levied; but this enactment in no way affects the case now under consideration.

It is contended by appellant that the sale of the judgment under the tax warrant was legal and valid, and that therefore the demurrer to the complaint should have been sustained. Respondent contends that such levy and sale were absolutely void for two reasons: First, that the judgment, which is conceded to be personal property, is intangible property and cannot be taken or levied upon in distress proceedings; second, that said levy is void because not made in the mode provided for execution issued on judgments. We are inclined to believe respondent is right in his first

contention, and therefore, deem the second point immaterial. We, may, however, point out that under the decision of this court in McLaughlin v. Alexander, 2 S. D. 226; 49 N. W. 99, the levy of an execution on a judgment, by serving notice on the attorney and filing same with the clerk, would be invalid; but this question is not before us for the reason that the law relating to the collection of delinquent taxes does not make the provisions of the law relating to levies upon attachments or executions applicable to the collection of delinquent taxes by distress and sale. No provision is found prescribing the mode in which choses in action may be levied upon by the tax collector.

In Davis v. Arledge, 3 Hill (S. C.) 172, 30 Am. Dec. 361, in discussing a seizure of books of account upon distraint, the court says: "However, in the origin of the common-law remedy of distress, it was considered only in the light of a pledge, for the ultimate security of the rent in arrears, or rather for the performance of the feudal services. It has long since ceased to be regarded in that light, and it is now become, by numerous statutes, merely a summary mode of enforcing the payment of rent, by sale of the tenant's effects. Now books of account are not susceptible of this process. There is no provision in any known statute by which they can be appraised, sold, or assigned to the landlord, and, indeed, they are not goods and chattels in the ordinary sense of the word, but merely evidences of debt, choses in action, which we think have never been held liable to distress for rent, any more than to be taken in execution."

A distress is not a judicial process. Ross v. Holtzman, 3 Cranch, C. C. 391, Fed. Cas. No. 12,075. A tax collector derives his authority to sell from the statute. No authority to sell existed at common law. Caldwell v. Eaton, 5 Mass. 399. Section 2180, Rev. Pol. Code, provides that delinquent taxes may be collected "by seizure of personal property of such person. * * * If the property so distrained cannot be sold for want of bidders, the treasurer shall return a statement of the fact, and return the property to the possession of the person from whom he took the same. * * *" This statute plainly contemplates the actual manual seizure of the property distrained, and its sale, or return to the person from

whom it was taken. "Distress" at common law is said to be "the taking of a personal chattel out of the possession of a wrongdoer, into the custody of the party injured, to procure satisfaction of the wrong committed." "The act of taking possession of personal property to hold as a pledge for the payment of a debt, the discharge of a duty or for reparation of some injury done." 14 Cyc. 523. Therefore nothing can be taken under a distress but tangible property capable of seizure and sale. Therefore choses in action cannot be taken. Mitchell v. Coates, 47 Pa. 202. "Hence it follows that unless personal property is of that character and so situated that actual possession thereof can be taken, or there is some statutory provision for distraining it, without taking such possession, it cannot be distrained at all." J. W. Barnes v. B. C. Hall, 55 Vt. 418. The same doctrine is equally applicable to a distress for nonpayment of rates or taxes. Smith v. Atkins, 18 Vt. 461. In Barnes v. Hall, supra, an attempt was made to levy upon and sell bank stock for delinquent taxes. The court says: "Said section provides that the capital stock of private corporations may be taken and sold on execution like other personal property, and how it shall be done; but it does not include tax warrants any more, than did the statute providing for taking property on 'a writ of attachment or execution' by leaving a copy in the town clerk's office. Although a tax warrant is in the nature of an execution, it is not an 'execution,' as the terms are used in our statute or understood in common parlance; and although this court always has been, and still is, desirous of upholding and carrying into effect all laws for the assessment and collection of taxes, yet it cannot go beyond the law and commit the error of judicial legislation. The result is, we regard this as casus omissus, and that prior to the passage of St. 1882, No. 11, § 2, expressly providing therefor, there was no mode provided by law for taking and selling bank stock on a tax warrant. * * *"

The order of the trial court overruling the demurrer is sustained, and the case remanded.

McCOY, J., taking no part in the decision.