[Civil No. 2995. Filed April 27, 1931.]

[298 Pac. 404.]

A. C. HAIGLER, The President of THE SOUTH-
WESTERN PLÁCER GOLD MINING COM-
PANY, and SOUTHWESTERN PLACER GOLD
MINING COMPANY, a Corporation, Appellants,
v. J. M. BURSON, Shareholder of THE SOUTH-
WESTERN PLACER GOLD MINING COM-
PANY, a Corporation, and FRANK DYKES,
Receiver of THE SOUTHWESTERN PLACER
GOLD MINING COMPANY, a Corporation, Ap-
pellees.

Messrs. Flanigan & Fields, for Appellants.

Mr. Fred C. Bolen, for Appellees.

LOCKWOOD, J.—This action was brought by J. M. Burson, hereinafter called plaintiff, as a minority stockholder of the Southwestern Placer Gold Mining Company, a corporation, hereinafter called the corporation, against the corporation and its president, A. C. Haigler, to recover from Haigler some 350,000 shares of stock of the Hassayampa Placer Gold Mining Company, which it was alleged were the property of the corporation, and some $900 cash paid by him to one John M. Williams from the funds of the corporation. Judgment was rendered in favor of plaintiff and a receiver of the corporation appointed to collect the stock and money covered by the judgment, and it was also provided that plaintiff recover from the corporation a reasonable attorney's fee for the prosecution of the action, which fee was afterwards determined by the court to amount to $500. A special execution was issued against Haigler to recover the property and money described in the judgment, which was returned unsatisfied by the sheriff.

Thereafter plaintiff had the following execution issued:

"Whereas, on the 16th day of July, 1928, the above named plaintiff recovered a Supplement Judgment in the Superior Court of Maricopa County, State of Arizona, against the above named defendant, to-wit: 'THE SOUTHWESTERN PLACER GOLD MINING COMPANY,' for the sum of Five-Hundred ($500.00) Dollars, taxed and allowed as attorney fees, and as now appears of record. . . .

"NOW YOU, THE SAID SHERIFF, are hereby required to make the said sum due on the said Supplement Judgment, to satisfy said Judgment out of the personal property of said debtor found in your County and belonging to the said defendant, SOUTHWESTERN PLACER GOLD MINING COMPANY, a corporation, to-wit:

"All of the right, title and interest of the SOUTHWESTERN PLACER GOLD MINING COMPANY,

a corporation, *in and to that certain judgment recovered* in the Superior Court of the State of Arizona, In and for the County of Maricopa, in cause No. 23252. . . . and also all the right, title and interest of the said SOUTHWESTERN PLACER GOLD MINING COMPANY, a corporation, *in and to said 350,000 shares of capital stock of said Hassayampa Placer Gold Mining Company,* a corporation, by virtue of said Judgment above described, and make your return of this Writ within ten days after your receipt hereof, with what you have done endorsed hereon.'' (Italics ours.)

No person, firm or corporation was ever served with any notice of any levy, nor was the stock mentioned in the execution taken into the possession of the sheriff. He simply posted notices of sale, describing the property mentioned in the special execution, and sold the same in pursuance of such notices to plaintiff for the amount of his supplemental judgment and costs. Haigler and the corporation thereafter moved to quash the writ of execution above issued, and to vacate the sale held thereunder, which motion was denied, and from the order denying this appeal is taken.

It will be noticed that the execution in question was levied on ''all of the right, title and interest of the Southwestern Placer Gold Mining Company, a corporation, in and to that certain Judgment recovered in the Superior Court of the State of Arizona, in and for the County of Maricopa, In cause No. 23252,'' together with the interest of the corporation ''in and to said 350,000 shares of the capital stock of said Hassayampa Placer Gold Mining Company.'' In other words, the execution was attempted to be enforced against a judgment, and also against certain stock in a corporation.

Section 4217, Revised Code of 1928, which defines property subject to execution, reads as follows:

"4217. Property subject to execution. All property, both real and personal, not exempt by law, and all property and rights of property seized and held under attachment or garnishment in the action, are liable to execution. Shares and interests in a corporation, and debts and credits, choses in action, and all other property, or any interest therein, legal or equitable, not capable of manual delivery, may be levied upon and sold under execution."

Section 4218, Revised Code of 1928, specifies the manner in which the levy of an execution is to be made.. The section is lengthy, and we need not quote it, but it will be seen upon careful examination thereof that while shares of stock in a corporation are levied on by leaving notice thereof with the secretary of the corporation, or some other officer upon whom service of process may be made, no method whatever is provided, whereby a levy may be made upon a debt, credit, or chose in action. At common law, judgments, like other choses in action, were not subject to levy and sale under execution. *McBride* v. *Fallon*, 65 Cal. 301, 4 Pac. 17; *Acme Harvesting Machine Co.* v. *Hinkley*, 23 S. D. 509, 21 Ann. Cas. 743, 122 N. W. 482.

Various states have, however, provided that they may be subject to execution. *Latham* v. *Blake*, 77 Cal. 646, 18 Pac. 150, 20 Pac. 417; *Henry* v. *Traynor*, 42 Minn. 234, 44 N. W. 11; *Fithian* v. *New York etc. R. Co.*, 31 Pa. 114; *Stevenson* v. *Stevenson*, 34 Hun (N. Y.) 157; *Hanna* v. *Bry*, 5 La. Ann. 651, 52 Am. Dec. 606. In all of these states, however, the statutes provide an express method whereby the levy can be made, and it must be strictly followed in order that the sale thereunder be valid. *Acme Harvesting Machine Co.* v. *Hinkley, supra.*

In Arizona the only method provided whereby a debt owing from a third party to a judgment debtor can be reached is through our garnishment statutes. This is the method always used, so far as we are

aware, and it gives a full and adequate method of reaching the debt. In the states where a method is provided for an ordinary levy on a debt as preliminary to an execution, it is almost invariably done by notice of some kind to the alleged judgment debtor. If a sale is thereafter made under the execution, the purchaser may be compelled to bring another action against the original debtor and then discover he has purchased nothing, for the previous proceedings in no way establish the validity of the alleged debt. Under our garnishment statute all issues are determined in the one proceeding. A judgment is merely the evidence of a debt, and therefore must be reached in the same manner as any other debt. *Latham* v. *Blake, supra; McBride* v. *Fallon, supra.* Nor can the fact that it is *conclusive* evidence of the debt change the statute.

We are of the opinion, therefore, that although section 4217, Revised Code of 1928, *supra,* makes debts (and therefore judgments) subject to execution, the only way the statute has provided for reaching them is found in the sections covering garnishment. Since these statutes were not followed so far as the attempted levy on the judgment itself is concerned, and section 4218 was not followed so far as the attempted levy on the corporate stock mentioned in the judgment is concerned, there was no levy and, failing that, the sale was void and conveyed nothing. *Waters* v. *Duvall,* 11 Gill & J. (Md.) 37, 33 Am. Dec. 693; *Leath* v. *Deweese,* 162 Ky. 227, 172 S. W. 516; 23 C. J. 425.

There are many other peculiar features in this case, but we need not consider them. The order of the superior court of Maricopa county is reversed, with instructions to set aside the sale and quash the special writ of execution in question.

McALISTER, C. J., and ROSS, J., concur.