[Civil No. 3287.   Filed July 12, 1933.]

[23 Pac. (2d) 934.]

JOSEPHINE CORRAL, Administratrix of the Estate of TIBURCIO LOPEZ, Deceased, Appellant, v. OCEAN ACCIDENT AND GUARANTEE CORPORATION, LIMITED, a Corporation, Appellee.

214

Mr. R. N. Campbell, Mr. J. Fred Hoover and Mr. Peter T. Robinson, for Appellant.

Mr. C. H. Young and Mr. Paul J. Feehan, for Appellee.

ROSS, C. J.—In the month of July or August, 1926, one Andrew Senum contracted with the Southern Pacific Hotel and Investment Company to con-

struct a three-story concrete hotel at Yuma, Arizona. The nature and character of the work clearly subjected the employer and employees to the rules, regulations and requirements of the Workmen's Compensation Law but recently passed. Chapter 83, Laws of 1925, p. 345. One of such requirements was that the employer should, before engaging in any construction of the kind named, obtain workmen's compensation insurance. This Senum did with the Ocean Accident and Guarantee Corporation, Limited, to which we shall hereafter refer as the company. The material part of such contract of insurance reads as follows:

"Standard Workmen's Compensation and Employers' Liability Policy.

"The Ocean Accident and Guarantee Corporation, Limited (herein called the company) does hereby agree with this Employer, named and described as such in the Declarations forming a part hereof, as respects personal injuries sustained by employees, including death at any time resulting therefrom as follows:

"One (a) To pay promptly to any person entitled thereto, under the Workmen's Compensation Law and in the manner therein provided, the entire amount of any sum due, and all installments thereof as they become due.

"(1) To such person because of the obligation for compensation for any such injury imposed upon or accepted by this Employer under such of certain statutes, as may be applicable thereto, cited and described in an endorsement attached to this Policy, each of which statutes is herein referred to as the Workmen's Compensation Law, and

"(2) For the benefit of such person the proper cost of whatever medical, surgical, nurse or hospital service, medical, or surgical apparatus or appliances and medicines, or, in the event of fatal injury, whatever funeral expenses are required by the provisions of such Workmen's Compensation Law.

"It is agreed that all of the provisions of each Workmen's Compensation Law covered hereby shall be and remain a part of this contract as fully and

completely as if written herein, so far as they apply to Compensation or other benefits for any personal injury or death covered by this Policy, while this Policy shall remain in force. Nothing herein contained shall operate to so extend this Policy as to include within its terms any Workmen's Compensation Law, scheme or plan not cited in an endorsement hereto attached.

"One (b) To indemnify this Employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada. In the event of the bankruptcy or insolvency of this Employer the Company shall not be relieved from the payment of such indemnity hereunder as would have been payable but for such bankruptcy or insolvency. If, because of such bankruptcy or insolvency, an execution against this Employer is returned unsatisfied in an action brought by the injured, or by another person claiming by, through or under the injured, then an action may be maintained by the injured, or by such other person claiming by, through or under the injured, against the Company under the terms of this Policy for the amount of the judgment in said action not exceeding the amount of this Policy."

The premium on such policy was figured upon the entire remuneration earned during the life of the policy by all of the employees engaged in the construction of said building.

One Tiburcio Lopez, an employee on the building, on or about September 7th, 1926, was accidentally electrocuted by coming in contact with a live wire. No claim for compensation by his widow or dependents was ever filed with the Industrial Commission, but instead his administratrix, Josephine Corral, as his personal representative, brought an action against Lopez' employer, Senum, for the benefit of his surviving widow and a posthumous child, under the em-

ployers' liability act, and recovered judgment therein in the sum of $12,500 and costs taxed at $145.55, which judgment was permitted to become final.

The present action was brought by the administratrix to recover from the company as insurance carrier the amount of said judgment. She contends that paragraph 1 (b) of the policy authorizes such a recovery. The court dismissed the action on the ground of lack of jurisdiction of the subject matter, and the administratrix has appealed.

From the foregoing statement it is seen that the questions to be decided are: (1) The right or power of the administratrix of Lopez' estate to. avoid the compensation law by electing to sue for damages under the employers' liability act; and (2) her right to collect any judgment obtained against the employer from the insurance carrier.

The Workmen's Compensation Law, considerably condensed, consolidated and revised, is carried forward into the Revised Code of 1928 as article 5 of chapter 24 (section 1391 et seq.). But as the facts of this action arose prior to such revision our references shall be to the original act, chapter 83, *supra.*

The purpose of the compensation act, as has been repeatedly stated, is, as much as possible, to dispense with turmoil, contention, and litigation between employer and employee, and to place upon business the burden of caring for employees injured, or, when killed, their dependents. Our compensation law is replete with this thought. Its administration is confided to three men, appointed by the Governor, known as the Industrial Commission. There is created a state compensation fund for the purpose of insuring employers against liability for compensation and of assuring the employees their compensation.

Section 48 provides that all employers, except the state and its legal subdivisions, shall secure compensation to their employees in one of three ways:

(1) By insuring in the state compensation fund; or (2) with any stock corporation or mutual association authorized to transact the business of workmen's compensation insurance in the state; or (3) self-insurance. It is provided in section 50 that such insurance shall cover the entire liability of the employer to his employees. Section 60 provides:

"Employers who comply with the provisions of Section 48 shall not be liable to respond in damages at common law or by statute . . . for injury or death of any employee wherever occurring, provided, however, that it shall be optional with employees . . . to accept compensation as provided for herein or to reject the provisions hereof and retain the right to sue said employer as provided by law."

It is then provided that the election to reject shall be made by notice in writing to the employer by the employee, in duplicate, in substantially the form prescribed; and that, if not made, it shall be conclusively presumed that the employee has elected to take compensation in accordance with the terms, conditions and provisions of the act. It is further provided in said section that the employer shall post and keep posted at the place where laborers are hired notice of the right to reject, and the binding effect of the act unless rejected; and also keep blank forms of notice for the use of employees to express their rejection of the act. And it is provided therein that "no employee who shall thereafter engage in employment for such employer, during the time that such notices shall not be posted or during the time that such blanks are not available, shall be deemed to have accepted the provisions of this Act, and it shall be optional for such employee, if injured during said period when blanks were not available or such notice was not posted, to accept compensation hereunder or maintain other action against the employer under the laws of this State."

Section 61 requires the employer to post at his place of business written or printed notice to the effect that he has secured compensation insurance and otherwise complied with the compensation law.

Section 62 provides that employers who shall fail to comply with the provisions of section 48 shall not be entitled to the benefits of this act during the period of noncompliance, but shall be liable for damages and in any action therefor deprived of the defenses of assumption of risk and contributory negligence; and, further, that proof of injury shall constitute *prima facie* evidence of negligence and shift the burden to the employer to show freedom from negligence.

It is provided in section 65 that the right to recover compensation pursuant to the provisions of the act for injuries sustained by an employee *shall be the exclusive remedy against the employer,* except as provided in sections 60 and 61, and except where an injury is caused by the employer's wilful misconduct, etc.

There can be no question but that the employer fully complied with the terms and conditions and provisions of section 48 by providing compensation insurance for the protection of the employees working upon the hotel building at Yuma. The policy speaks for itself. It covers the entire liability of the employer; that is, it undertakes to compensate all the employees to whom awards may be made by the Industrial Commission under the compensation law. It provides for compensation proper and accident benefits.

The plaintiff in her action against Senum undertook to evade the compensation act by alleging that Senum had failed to post and keep posted the notices mentioned in sections 60 and 61; and to have blank forms, as required in section 60, available to laborers at the place of hiring. Admitting this neglect of duty on the part of the employer, it would not give

rise to a right of action by the employee's personal representative. The purpose of the law in requiring the employee, if he would retain his right to sue for damages for personal injury, to give the employer written notice of his rejection of compensation, and in requiring the employer to post notice that he is operating under the compensation law, was that neither should labor under any delusion or misunderstanding as to what law would govern their rights in the event the employee was injured or killed. If the employee fail to reject the compensation law prior to injury, he is conclusively presumed to have elected to take compensation (section 60). If, however, the employer fails to post notices as provided in sections 60 and 61, or to have available for the employee blank forms of notice, and the employee is injured during said period when blanks were not available or such notice was not posted, it shall be optional with the employee to accept compensation or maintain other action against the employer. The employee's personal representative is given no right of option. The right is personal to the employee.

If an employee is killed and has not during his lifetime rejected the compensation law, his rights and those of his dependents are conclusively and irrevocably fixed by the compensation law and must be administered by the Industrial Commission. The facts pleaded by plaintiff in the action against Senum show that she had no right of action, and that the only body with jurisdiction to adjust the compensation of Lopez' dependents was the Industrial Commission. The judgment in that case was not binding upon the guarantee company, it not having been made a party. 31 C. J. 463, § 62. The latter may insist that Lopez, at the time of his death, was bound by the compensation law and that his personal representative had no right to maintain the action

for damages; that a claim to the Industrial Commission for compensation by the decedent's dependents against the employer and the insurance carrier was, under the facts and circumstances, the exclusive remedy.

It appearing that the employer had complied with section 48 in securing compensation insurance for his employees, and it further appearing that the employee did not before his injury in the manner and form provided, or at all, reject the provisions of the compensation act, or after his injury elect to sue for damages on account of failure to post notices or have blanks available, the court properly entered judgment dismissing the complaint, even though the reason assigned therefor (want of jurisdiction) may not have been the right one.

While the contract of insurance indemnifies the employer against loss by reason of liability imposed upon him by law for damages on account of injuries to employees, wherever sustained in the United States or Canada, it was evidently intended that such remedy would be available to the employee or his dependents only in the absence of compensation insurance, or where the employee had exercised his privilege under the compensation law of rejecting compensation. It clearly appears that plaintiff does not state facts sufficient to entitle her to recover on the indemnity clause 1 (b) of the contract of insurance, her intestate having been fully insured under the compensation law.

The judgment is affirmed.

McALISTER, J., concurs.