504 P.2d 928

**Linda Joy HALENAR, widow of Robert J. Halenar, Deceased, on behalf of herself and on behalf of Robert James H. Halenar, Jr., et al., Petitioners,**

v.

**SUPERIOR COURT of Arizona, IN AND FOR the COUNTY OF MARICOPA et al., Respondents.**

No. 10822.

Supreme Court of Arizona,
In Banc.

Dec. 21, 1972.

Moore, Romley, Kaplan, Robbins & Green by Craig R. Kepner, Phoenix, for petitioners.

Jennings, Strouss & Salmon by Jon L. Kyl, Phoenix, for respondents.

STRUCKMEYER, Justice.

This is an original application pursuant to A.R.S. 17, Rules of Procedure for Extraordinary Writs to review by certiorari the granting of a summary judgment entered in favor of respondents.

Petitioners are the widows of Robert J. Halenar and William R. Morgart, deceased. As dependents in their individual capacities and in behalf of their surviving children, they filed a complaint in the Superior Court of Maricopa County for damages, alleging that respondents, fellow employees of Unidynamics, negligently caused the death of decedents. Summary judgment was rendered against petitioners on respondents' motion, the court below holding that under Arizona's Workmen's Compensation Act a negligence action cannot be maintained for injuries inflicted by a fellow employee.

Arizona's Workmen's Compensation Act, by § 23–1022, subsec. A, as amended by Laws of 1970, provides:

"The right to recover compensation pursuant to the provisions of this chapter for injuries sustained by an employee shall be the exclusive remedy against the employer *or any co-employee acting in the scope of his employment* * * *." (Emphasis added.)

The italicized portion of § 23–1022, subsec. A was added shortly after our decision in Kilpatrick v. Superior Court, 105 Ariz. 413, 466 P.2d 18 (1970), in which we held that an employee had a right of action against a fellow employee for injuries incurred in the course of his employment. Since there seems to be a legislative misconception concerning the extent of our holding in that case, we reiterate the controlling points made in it.

*Kilpatrick* was anchored on three constitutional considerations. *First,* on § 6, Article 18, of the Arizona Constitution, A.R.S., providing that "[t]he right of action to recover damages for injuries shall never be abrogated * * *." We said, "A decision which would deny the right to sue fellow employees who are the actual wrongdoers could not be correct, for it would be contrary to the plain language used in direct derogation of the express rights guaranteed in Section 6." 105 Ariz. 413, 419–420, 466 P.2d 18, 24–25. *Second,* on § 31 of Article 2 of the Constitution of Arizona, providing that "[n]o law shall be enacted in this State limiting the amount of damages to be recovered for causing the death or injury of any person," and similar language in § 6 of Article 18. We said, "A decision relegating to the employee the single remedy [against a fellow employee] of compensation would limit recovery in absolute contradiction of the express words of the Constitution twice repeated." 105 Ariz. 413, 420, 466 P.2d 18, 25. *Third,* on the use of the word "employer" in the proviso of § 8, Article 18, reading:

"[P]rovided that it shall be optional with any employee * * * to settle for such compensation, or to retain the right to sue said employer as provided by this Constitution * * *."

We said that the election by the employee was directed solely to the right to sue the employer, for "[w]ere it intended otherwise, language would have been used which would also have embraced the fellow employee, the actual wrongdoer." 105 Ariz. 413, 418, 466 P.2d 18, 23 (footnote omitted).

We concluded that a court could not constitutionally interfere with the common law right of an employee to sue a fellow employee and, of course, the legislature is bound by the same constitutional limitations.

The question now to be decided is whether dependents have the right to sue a fellow employee of the decedent for wrongful death under the particular language of the legislative amendment.

There is, of course, no common law right of action for wrongful death.

"Under the common law there was no right of action for damages for wrongful death. The right is statutory and was originally provided for in England by what is known as Lord Campbell's Act. Most of the states of the Union, and among them Arizona, have enacted the Lord Campbell Act, or passed legislation in varying terms of the same import." Estate of Lister, 22 Ariz. 185, 187, 195 P. 1113 (1921).

Arizona's version of Lord Campbell's Act is found in A.R.S. § 12–611 et seq.

A wrongful death action is an original and distinct claim for damages sustained by statutory beneficiaries and is not a derivative or continuation of claims existing in decedent, Barragan v. Superior Court, 12 Ariz.App. 402, 404, 470 P.2d 722, 724 (1970). The right to recover damages for wrongful death being statutory is not placed beyond the power of the legislature to abrogate by § 6 of Article 18 of the Arizona Constitution. It can be granted or withheld at the pleasure of the legislature. But if the right to sue is granted, by § 31 of Article 2 the legislature cannot place a limitation upon the recovery such as is found in the Workmen's Compensation Act.

We note that in the Revised Statutes of the Arizona Territory, 1901, § 2766, it was provided that the jury in a wrongful death action could give such damages as shall be deemed fair and just, not exceeding $5,-000.00. After the adoption of the Arizona Constitution, the limitation on the amount of recovery was deleted in Revised Statutes of Arizona of 1913. Section 3374 thereof simply provided that the jury could give such damages as shall be deemed fair and just.

Second, in no event could § 23–1022, subsec. A have application to suits for damages for wrongful death. It specifically says:

"The right to recover compensation * * * for injuries sustained by an employee shall be the exclusive remedy against the employer or any co-employee * * *."

Since an action for wrongful death is an original and distinct claim for damages sustained independent of those injuries personal to the decedent, plainly § 23–1022 does not even purport to prohibit the right to recover in suits by dependents for wrongful death.

We, therefore hold, for the reasons herein stated, that the Superior Court had jurisdiction of the subject matter of this suit and, consequently, erred in granting summary judgment in favor of respondents. The judgment is directed to be vacated.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.