528 P.2d 187

James W. RUSSELL, Appellant,

v.

Gerald Nevel BECK, Appellee.

No. 2 CA–CIV 1663.

Court of Appeals of Arizona,
Division 2.

Nov. 22, 1974.

Rehearing Denied Dec. 11, 1974.

Review Denied Jan. 21, 1975.

Scoville, Hofmann & Salcito, P. C. by
Leroy W. Hofmann, Phoenix, for appellant.

Burch, Cracchiolo, Levie, Guyer & Weyl
by John F. Day, Phoenix, for appellee.

## OPINION

HOWARD, Judge.

This appeal questions the applicability of
A.R.S. § 23–1023 to suits against a fellow
employee.

On November 1, 1971, appellant and ap-
pellee were both employed by Inspiration
Consolidated Copper Company. On that
date appellant was injured on the employ-
er's premises when he was struck by a
Dodge truck owned by his employer and
operated by appellee. At the time of the
accident both appellant and appellee were
within the scope and in the course of their
employment.

On January 7, 1973, appellant filed suit
in the superior court against appellee for
personal injuries incurred as a result of
the accident. Appellee's motion to dismiss
based on A.R.S. § 23–1023 was granted by
the trial court. A.R.S. § 23–1023 provides:

"A. If an employee entitled to com-
pensation under this chapter is injured
or killed by the negligence or wrong of
another *not in the same employ*, such in-
jured employee, or in event of death his
dependents, may pursue his remedy
against such other person.

B. If the employee entitled to com-
pensation under this chapter, or his de-
pendents, does not pursue his or their
remedy against such other person by in-
stituting an action *within one year* after
the cause of action accrues, *the claim
against such other person shall be
deemed assigned to the insurance carrier,
or to the person liable for the payment
thereof.* Such a claim so assigned may
be prosecuted or compromised by the in-

surance carrier or the person liable for the payment thereof." (Emphasis added)

It is appellee's position that since appellant had not filed suit against the appellee within one year, appellant's claim was assigned either to the insurance carrier or to the person liable for payment of compensation to appellant.

Appellant contends that § 23–1023 does not apply to suits against a fellow employee and therefore the two-year limitation period of A.R.S. § 12–542 should apply.

In Henshaw v. Mays, 20 Ariz.App. 300, 512 P.2d 604 (1973) the court held that after one year, as between the injured workman and the insurance carrier, the right to maintain an action against the tortfeasor passes to the carrier. The court further held that the compensation carrier can reassign its claim to the injured workman and thus allow the workman to bring an action against the tortfeasor more than one year after the accident but within two years. Therefore, if § 23–1023 applies to this case, the motion to dismiss was proper since appellant did not plead reassignment of the claim to him from his compensation carrier.

The Arizona Supreme Court in Halenar v. Superior Court, 109 Ariz. 27, 504 P.2d 928 (1972), held unconstitutional that part of A.R.S. § 23–1022 which purports to prohibit an employee from suing a co-employee acting in the scope of his employment.

A.R.S. § 23–1023 was passed by the legislature under the assumption that A.R.S. § 23–1022 was constitutional and that is why the co-employee is specifically excluded from its terms.

It is clear that A.R.S. § 23–1023 was intended to encompass all suits against third parties and we hold that its provisions apply to a suit against a co-employee.

Affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.