531 P.2d 144

**Annie JACKSON, Individually as the surviving spouse of Larry Jackson, Deceased, and on behalf of herself and her unborn child, John or Jane Doe Jackson, Jennie Pittman, Administratrix of the Estate of Ferenc Ovary, Deceased; and Henry Chee, Appellants,**

**v.**

**NORTHLAND CONSTRUCTION CO., an Arizona Corporation, Appellee.**

**No. 11669–PR.**

Supreme Court of Arizona,
In Banc.
Jan. 21, 1975.

Charles M. Brewer, Ltd. by Leonard W. Copple, Phoenix, for appellants.

Maupin & Wilson by Donald R. Wilson and Michael R. Murphy, Phoenix, for appellee.

HOLOHAN, Justice.

Annie Jackson as surviving spouse of Larry Jackson, and Jennie Pittman as personal representative of the Estate of Ferenc Ovary, filed a complaint for wrongful death against the Northland Construction Company. A motion for summary judgment by the defendant, Northland Construction Company, was granted by the Superior Court and the judgment dismissing the action was affirmed by the Court of Appeals in a memorandum decision. We granted the petition for review. The decision of the Court of Appeals is vacated.

Larry Jackson and Ferenc Ovary were employed by the Northland Construction Company and while so employed suffered injuries in an industrial accident which ultimately resulted in their deaths. A complaint for wrongful death was filed by the surviving spouse of Larry Jackson and by the personal representative of the Estate of Ferenc Ovary against the Northland Construction Company alleging negligence and failure to post the notices required by A.R.S. § 23–906 of the Workmen's Compensation Act. The trial court granted Northland's motion for summary judgment on the basis that the exclusive remedy for the plaintiffs was a claim for benefits under the Workmen's Compensation Act.

The Court of Appeals citing the decision of this Court in Corral v. Ocean Accident and Guarantee Corporation, 42 Ariz. 213, 23 P.2d 934 (1933) affirmed the judgment of the trial court. The appellants have sought review urging this Court to reconsider its previous decision contending that the plaintiffs should be entitled to elect to sue the defendant corporation for wrongful death rather than to be limited to the remedies under the Workmen's Compensation Act. For the purposes of the decision on the motion for summary judgment and for the purposes of this appeal it is assumed that the statutory notices required by A.R.S. § 23–906 were not posted.

Over 40 years ago, this Court, in Corral v. Ocean Accident and Guarantee Corporation, *supra,* held that the predecessor statute of A.R.S. § 23–906 gave to the employee the option to accept compensation or maintain an action against the employer in those instances where the employer failed to post notices as required by the Act. This election, however, was held to be a right personal to the employee which could not be exercised by the personal representative of the employee. This construction of the Act has continued uninterrupted since that case.

Although the compensation act has been amended and revised there has been no attempt by the legislature to change the ruling in Corral, and the legislature has re-enacted A.R.S. § 23–906 and § 23–1024 in substantially the same language as used in the former statute construed by Corral. In such instances it is a rule of statutory construction that where a statute which has been construed by a court of last resort is re-enacted in substantially the same terms, the legislature is presumed to have placed its approval on the judicial interpretation given and adopted such construction for the re-enacted statute. Madrigal v. Industrial Commission, 69 Ariz. 138, 210 P.2d 967 (1949); State v. Superior Court of Pima County, 104 Ariz. 440, 454 P.2d 982 (1969).

The plaintiffs contend that the construction by the Court in Corral of what is now A.R.S. § 23–906 overlooked the provisions of A.R.S. § 23–1024. This latter section, which was Section 67 of Chapter 83 of the Laws of 1925, deals with the choice of remedy and provides:

"A. An employee, or his legal representative in event death results, who accepts compensation waives the right to exercise any option to institute proceedings in court against his employer.

"B. An employee, or his legal representative in event death results, who exercises any option to institute proceeding in court against his employer waives any right to compensation."

It is contended that the *Corral* case ignores and makes surplusage the phrase "or his legal representative in the event death results." The argument is made that by use of the term legal representative it was intended that not only the employee but in the event of his death his legal representative would have the option to accept compensation or to institute action in court against the employer for wrongful death.

A resolution of the problem rests on the construction to be given the Workmen's Compensation Act and Article 18 section 8 of the Arizona Constitution, A.R.S. The 1925 amendment of Article 18 section 8 was passed for the purpose of avoiding the decision in Industrial Commission v. Crisman, 22 Ariz. 579, 199 Pac. 390 (1921) which invalidated the compulsory election of remedy provision of the Workmen's Compensation Act. The original *Crisman* decision was based on the proposition that under Article 18 section 8 of the Arizona Constitution there could be no legislative provision which required a conclusive waiving of the right to bring a tort action by the failure to reject prior to injury the compensation act. The amendment of Article 18 section 8 was intended to permit the legislature to provide for a method of waiver of suit against an employer by the failure to reject the provisions of the Workmen's Compensation Act.

The amended section 8 of Article 18 and the Workmen's Compensation Act are to be construed together to determine the intent of the legislature and the electorate. Red Rover Copper Company v. Industrial Commission, 58 Ariz. 203, 118 P.2d 1102 (1941). In the amended section 8 of Article 18 it was provided that an employee "may exercise the option to settle for compensation by failing to reject the provisions of such Workmen's Compensation Law prior to the injury." The Workmen's Compensation Act (Chapter 83, Laws of Arizona 1925) became effective on the day following the proclamation declaring the amendment of Article 18 section 8 enacted. Pursuant to Section 65 of the Act (currently A.R.S. § 23–1022) the right to recover compensation for injuries sustained by an employee was pursuant to the provision of the Act, and this was the exclusive remedy of the employee against his employer with two major exceptions, namely, certain specific statutory exceptions and injuries caused by the wilful misconduct of the employer.

Section 67 of the 1925 Workmen's Compensation Act (currently A.R.S. § 23–1024) provided:

"Every employee, or his legal representative in case death results, who makes application for an award, or with the consent of the commission accepts compensation from an employer, waives any right to exercise any option to institute proceedings in any court. Every employee or his legal representative in case death results, who exercises any option to institute proceedings in court, as provided in this Act, waives any right to any award or direct payment of compensation from his employer."

■ The plaintiffs argue that the foregoing provisions give them, as legal representatives of employees where death has resulted, the option to bring an action against the employer of the deceased employees. An analysis of the language used in the section in question discloses that plaintiffs have misconstrued the meaning of the statute. The section merely provides what occurs when "any option" has been exercised. It does not purport to define what the options are, nor does it specifically state who may exercise the options. The section provides that when an option is exercised it has certain consequences. The section is not the grant of authority for exercising that option.

The grant or authority for exercising an option is found in the other sections of the Act and made reference to in A.R.S. § 23–1022 as exceptions to workmen's compensation as the exclusive remedy of employees against their employers. One of the exceptions is that of A.R.S. § 23–906(E):

"If an employer fails to post and keep posted the notice as required by this sec-

tion, or fails to keep available at the place where the employees are hired the blank forms of notice to be signed by the employee, no employee who thereafter engages in employment for such employer, during the time that the notices are not posted or during the time that the blanks are not available, shall be deemed to have accepted the provisions of this chapter, and it shall be optional for such employee, if injured during the period when blanks were not available or the notice was not posted, to accept compensation under the provisions of this chapter or maintain other action against the employer."

The above section grants to the employee the option to accept compensation or bring action against his employer. In *Corral* the Court held that the grant of this option was to the employee, and the Court further held that there was no grant of any option to the personal representative to make such an option. The plain language of the section clearly supports this position; but, additionally, the whole legislative history discloses an attempt by constitutional and legislative action to protect the worker and his dependents from the uncertainties involved in litigation. This purpose was announced in the Arizona Constitution as amended:

". . . in order to assure and make certain a just and humane compensation law in the State of Arizona, for the relief and protection of such workmen, their widows, children or dependents, as defined by law, from the burdensome, expensive and litigious remedies for injuries to or death of such workmen, now existing in the State of Arizona, and producing uncertain and unequal compensation therefor, such employee, engaged in such private employment, may exercise the option to settle for compensation by failing to reject the provisions of such Workmen's Compensation Law prior to the injury." Ariz.Const. art. 18, § 8.

In further support of the position of the Court in *Corral* that the option given was a personal one, it must be noted that the legislature in succeeding sections, namely sections 62 and 63, Chapter 83, Laws of Arizona 1925 (presently A.R.S. § 23–907) specifically gave to the employee or *his dependents in case death ensued* the right to bring a civil action against the employer who had not secured insurance or otherwise provided for compensation for injured employees as required by the Act. It thus appears that when the legislature wanted to grant an option to the dependents as well as the employee clear language was used by that body. Since such language was not used in the section in question it seems right to conclude that the legislature did not intend to give an option to the dependents.

Considering the constitutional and legislative history of the Workmen's Compensation Act, we reaffirm the decision in *Corral* that the option provided in A.R.S. § 23–906 is personal to the employee and may not be exercised by the employee's personal representative.

The judgment of the trial court is affirmed.

LOCKWOOD and HAYS, JJ., concur.

CAMERON, Chief Justice (dissenting).

A.R.S. § 23–906 provides that unless the employee rejects workman's compensation by written notice on forms to be provided by the employer then workman's compensation is the employee's exclusive remedy against the employer.

If postings are made by the employer and the forms are available, then the employee is presumed to have made an election to accept workmen's compensation by failing, prior to injury, to reject it. If posting is not made as is conceded to be the case here or the forms are not available, then the workman has the option, after injury or accident, of deciding whether to accept the benefits of the Workmen's Compensation Act. He may, if he wishes, reject the benefits of the Workmen's Compensation Act and bring an action for neg-

ligence against his employer. A.R.S. § 23-906 is silent as to whether the options provided therein may be exercised by employee's surviving spouse or personal representative in the event of his death. A.R.S. § 23-1024, however, reads:

"A. Am employee or his legal representative in the event death results, who accepts compensation waives the right to exercise any option to institute proceedings in court against his employer.

"B. An employee, or his legal representative in event death results, who exercises any option to institute proceeding in court against his employer waives any right to compensation. As amended laws 1968, 4th S.S., Ch. 6, § 39, eff. Jan. 1, 1969."

Notwithstanding the provision of the predecessor statute to A.R.S. § 23-1024 which was not materially different from the present statute, this court in Corral v. Ocean Accident and Guarantee Company, 42 Ariz. 213, 23 P.2d 934, 937 (1933) held that "[t]he employee's personal representative is given no right of option. The right is personal to the employee."

The construction of the statute given by Corral, supra, goes further than to merely hold that the surviving spouse or personal representative cannot make an election if the workman is killed in the accident. Corral makes that election for them and requires them to pursue the benefits under the Workmen's Compensation Act as their only remedy even though had he lived the employee would have had the option to bring suit against the employer.

The holding of Corral, supra, ignores and makes surplusage the phrase "or his legal representative in the event death results" in A.R.S. § 23-1024. We believe the court misconstrued the statute in Corral, supra. A plain reading of A.R.S. § 23-1024(A) and (B) gives not only the employee but his legal representative the option to accept compensation or to institute proceedings in court in those cases where the employer, as it is stipulated here, has not complied with A.R.S. § 23-906. I

would hold, contrary to our previous holdings, that A.R.S. § 23-1024 grants those options contained in A.R.S. § 23-906 not only to the employee should he survive the accident, but to his legal representative, or in the case of Annie Jackson, the surviving spouse, in the event death occurs, and that Corral v. Ocean Accident and Guarantee Company, supra, and cases following such decision should be overruled.

STRUCKMEYER, Vice Chief Justice. I concur in the dissent.