575 P.2d 321

Mary E. CAGLE, a divorced woman; and Gertrude Doyel, Appellants,

v.

David E. BUTCHER, Sr., Thomas M. Butcher, Irene M. Blair, Donald W. Poppe and Bonnie J. Poppe, his wife, and Ray E. Cagle, Appellees.

No. 13164.

Supreme Court of Arizona, In Banc.

Feb. 8, 1978.

Paul W. Mercer, Phoenix, for appellants.

Yankee & Bernstein by James A. Yankee, Phoenix, for appellees Butcher and Blair.

Norling, Rolle, King & Oeser by George S. Livermore, Jr., Phoenix, for appellees Poppe.

W. Francis Wilson, Phoenix, for appellee Cagle.

HOLOHAN, Justice.

Appellant Mary E. Cagle appealed from the granting of a summary judgment in favor of David E. Butcher, appellee, which set aside the execution sale of a chose in action. We took jurisdiction pursuant to Sup.Ct.R. 47(e)(5).

The appellant, Mary E. Cagle, became a judgment creditor of her former husband, Ray E. Cagle. A writ of execution was issued and levy was made by the sheriff on a certain chose in action. A sheriff's sale of the chose in action was held in January, 1975. Donald W. Poppe, the obligor under the chose in action in question, instituted an interpleader action against Ray E. Cagle, Mary E. Cagle, and her assignee, Gertrude Doyel, asking the court to determine who should receive the payments due under the chose in action.

Appellee David E. Butcher became a judgment creditor of Ray E. Cagle by virtue of a judgment entered in September, 1975. Appellee Butcher in December, 1975, caused a garnishment to be served on Poppe to reach the debt represented by the chose in action in question. Butcher then filed a motion to intervene in the interpleader action. The motion to intervene was granted. Butcher filed a motion for summary judgment for the amount of his claim and to set aside the sale of the chose in action to Mary E. Cagle. His motion was granted and judgment was entered.

Appellant argues that the statutes relating to execution provide for an execution against a chose in action and that the court in the interpleader action acted improperly in setting aside the execution sale. These contentions were answered adverse to the appellant's position in *Hill v. Favour*, 52 Ariz. 561, 84 P.2d 575 (1938). *See also Haigler v. Burson*, 38 Ariz. 192, 195, 298 P. 404, 405 (1931). Although the statutes [1]

1. A.R.S. § 12–1558 (1956) provides:

 . . . . .

 B. Shares and interest in a corporation, and debts and credits, choses in action, and all other property, or any interest therein, legal or equitable, not capable of manual delivery, may be levied upon and sold under execution.

 A.R.S. § 12–1559(2) (Supp.1977) provides:

 The officer to whom the writ is directed shall make the levy as follows:

 . . . . .

 To levy on personal property the officer shall take possession when the defendant in execution is entitled to the possession. When the defendant in execution has an interest in personal property but is not entitled to possession of the property, a levy shall be

seem to indicate that a chose in action can be the subject of an execution, there is no method provided by statute to carry out the seizure and sale of the chose in action. A.R.S. § 12–1559 does provide a procedure for levying on certain intangibles such as the stock of a corporation or an interest in a partnership, but no similar procedure is provided for a chose in action. The courts of this state since 1931 have held that a chose in action is not subject to levy. Garnishment is the proper remedy to reach the debt represented by a chose in action.[2]

The trial court was correct in holding that the execution sale of a chose in action was void. That court was also correct in ruling that Butcher, who had used the garnishment remedy, was entitled to recover judgment. *Hill v. Favour, supra.*

Affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concurring.

made by giving notice of the levy to the person who is entitled to possession, or to one of them when there are several.

2. Although these statutes apparently provide for sale under execution, they were reenacted after *Haigler* and *Hill* in substantially similar form. Where a statute that has been construed by a court of last resort is reenacted in substantially the same terms, the legislature is presumed to have placed its approval on the judicial construction and adopted such construction for the reenactment of the statute. *See Jackson v. Northland Construction Co.,* 111 Ariz. 387, 531 P.2d 144 (1975). Since the legislature reenacted the statutes in substantially similar form, we presume the legislature approved our determination that a chose in action can be reached only by a writ of garnishment.