584 P.2d 592

**Victoria CANEZ, a widow, Appellant,**

**v.**

**Rosendo POLANCO, Randall Wilson, Edward Stanley, State Compensation Fund, the State of Arizona, and Bert Romero as State Mining Inspector, Appellees.**

**No. 2 CA–CIV 2807.**

Court of Appeals of Arizona, Division 2.

June 28, 1978.

Rehearing Denied Sept. 14, 1978.

Rabinovitz, Dix & Sands, P. C. by Bernard I. Rabinovitz and Charles G. Rehling, Tucson, for appellant.

Jones, Teilborg, Sanders, Haga & Parks by John C. Gemmill, Phoenix, for appellees Polanco, Wilson & Stanley.

John A. LaSota, Jr., Atty. Gen. by D. B. Udall, Spec. Asst. Atty. Gen. of Chandler, Tullar, Udall & Redhair, Tucson, for appellees State Compensation Fund, State of Arizona and Bert Romero as State Mining Inspector.

## OPINION

HOWARD, Judge.

Appellant is the widow of Luis Canez who was killed in a mining accident on July 21, 1974. After receiving workmen's compensation benefits, she sent a letter on July 15, 1976 to Magma Copper Company and its carrier, the State Compensation Fund, requesting a re-assignment of all rights and claims arising out of the death of her husband. Magma and the Fund refused to execute the assignment and on July 21, 1976, a wrongful death action was filed in the superior court by appellant.

The amended complaint alleges that appellees Polanco, Wilson and Stanley, co-employees, and the other appellees negligently caused the death of Luis Canez. The appellees' motion to dismiss the amended complaint was granted by the trial court.

The determinative issue in this case is whether A.R.S. Sec. 23–1023(B) bars appellant's claim.

Appellant contends that (1) A.R.S. Sec. 23–1023(B) does not apply to wrongful death actions; (2) it is unconstitutional to apply A.R.S. Sec. 23–1023(B) to wrongful death actions; and (3) A.R.S. Sec. 23–1023(B) does not apply to suits against co-employees. We do not agree.

[1] A.R.S. Secs. 23–1023(A) and (B) state:

"A. If an employee entitled to compensation under this chapter is injured or killed by the negligence or wrong of another not in the same employ, such injured employee, *or in event of death his dependents*, may pursue his remedy against such other person.

B. If the employee entitled to compensation under this chapter, *or his dependents*, does not pursue his or their remedy against such other person by instituting an action within one year after the cause of action accrues, the claim against such other person shall be deemed assigned to the insurance carrier, or to the person liable for the payment thereof. Such a claim so assigned may be prosecuted or compromised by the insurance carrier or the person liable for the payment thereof." (Emphasis added)

As can be seen from the foregoing, wrongful death actions are clearly within the statute and after the lapse of one year the widow has no further interest in any claim for relief. *K. W. Dart Truck Co. v. Noble*, 116 Ariz. 9, 567 P.2d 325 (1977).

■ Art. 2, Sec. 31 of the Arizona Constitution states that no law shall be enacted in

Arizona limiting the amount of damages to be recovered for causing the death or injury of any person. Art. 18, Sec. 6 of the Constitution states that the right of action to recover damages for injuries shall never be abrogated. A.R.S. Sec. 23–1023(B) does not violate these articles of the Constitution. *Martinez v. Bucyrus-Erie Company*, 113 Ariz. 119, 547 P.2d 473 (1976).

In *Russell v. Beck*, 22 Ariz.App. 436, 528 P.2d 187 (1974) we held that A.R.S. Sec. 23–1023(B) applies to suits against fellow employees stating:

"The Arizona Supreme Court in *Halenar v. Superior Court*, 109 Ariz. 27, 504 P.2d 928 (1972), held unconstitutional that part of A.R.S. § 23–1022 which purports to prohibit an employee from suing a co-employee acting in the scope of his employment.

A.R.S. § 23–1023 was passed by the legislature under the assumption that A.R.S. § 23–1022 was constitutional and that is why the co-employee is specifically excluded from its terms.

It is clear that A.R.S. § 23–1023 was intended to encompass all suits against third parties and we hold that its provisions apply to a suit against a co-employee." 22 Ariz.App. at 437, 528 P.2d at 188.

Appellant contends that in *Russell v. Beck*, supra, we overlooked the fact that in 1974 Sec. 23–1023 was amended by Laws 1974, Ch. 184, Sec. 14. She then asserts that the principle set forth in *Jackson v. Northland Construction Company*, 111 Ariz. 387, 531 P.2d 144 (1975), applies. In *Jackson*, the Supreme Court considered a situation wherein the legislature re-enacted statutes substantially in the same terms as before. It held:

"In such instances it is a rule of statutory construction that where a statute which has been construed by a court of last resort is re-enacted in substantially the same terms, the legislature is presumed to have placed its approval on the judicial interpretation given and adopted such construction for the re-enacted statute." 111 Ariz. at 388, 531 P.2d at 145.

Appellant then reasons that since *Halenar v. Superior Court in and for the County of* *Maricopa*, 109 Ariz. 27, 504 P.2d 928 (1972) had already been decided at the time of the amendment, the legislature must have intended by its failure to eliminate the words ". . . not in the same employ . ." found in A.R.S. Sec. 23–1023(A), that subparagraph (B) of the statute was not to apply to suits against co-employees.

We are unable to follow this reasoning. The rule in *Jackson v. Northland Construction*, supra, is not applicable here since in *Halenar* the court was construing A.R.S. Sec. 23–1022 and not A.R.S. Sec. 23–1023. Furthermore, if the words ". . . not in the same employ . . ." contained in A.R.S. Sec. 23–1023(A) are still to be given effect, then her claim against the co-employees could not be maintained since the language would then preclude her from pursuing her claim against the co-employees.

Our ruling in *Russell v. Beck*, supra, is determinative on this issue.

Affirmed.

HATHAWAY and DONOFRIO, JJ., concur.