SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| PATRICK GALLOWAY and LOIS GALLOWAY, husband and wife, dba GALLOWAY CONSTRUCTION, | ) Arizona Supreme Court<br>) No. CV-02-0269-PR<br>)<br>) Court of Appeals |
| Petitioners, | ) Division Two<br>) No. 2 CA-SA 02-0014<br>) |
| v. | ) Pinal County Superior |
| THE HONORABLE JANNA L. VANDERPOOL, JUDGE OF THE SUPERIOR COURT OF THE STATE OF ARIZONA, in and for the County of Pinal, | ) Court<br>) No. CV200100166<br>)<br>) |
| Respondent, | ) **O P I N I O N**<br>)<br>)<br>) |
| FRANK CASTRO and CINDY CASTRO, the surviving parents of JOSHUA CASTRO, deceased, | )<br>)<br>)<br>) |
| Real Parties in Interest. | )<br>) |

Special Action from the Superior Court of Pinal County
No. CV200100166
The Honorable Janna L. Vanderpool, Judge
**ORDER REVERSED AND REMANDED TO SUPERIOR COURT WITH INSTRUCTIONS**
_____

Decision Order of the Court of Appeals, Division Two
No. 2 CA-SA 02-0014 Filed June 3, 2002
**AFFIRMED**
_____

Skypeck & Sorensen                                          Phoenix
    by      Don D. Skypeck
    and     Wendi A. Sorensen
    and     John H. Ishikawa
Attorneys for Petitioners

Law Office of Michael T. Middleton                             Tempe
    by      Michael T. Middleton
Attorney for Real Parties in Interest
_____

McGregor, Vice Chief Justice

¶1     The question presented is whether the survivors of an employee who dies from a work-related injury can elect between accepting workers' compensation or pursuing a legal action when the employer failed to provide a statutorily required notice informing the employee of his or her option to reject workers' compensation. We adhere to the principle of *stare decisis* and hold that because Arizona's statutes make the right to elect personal, the right does not pass to a deceased employee's survivors.

## I.

¶2     Frank and Cindy Castro ("the Castros") are the non-dependent, surviving parents of Joshua Castro. Joshua died after a trench collapsed on him while he worked for the Galloway Construction Company, owned by Patrick and Lois Galloway ("the Galloways"). The Castros brought a wrongful death action against the Galloways for the death of their son.

¶3     The Galloways moved to dismiss the wrongful death action, arguing that under Arizona Revised Statutes (A.R.S.) section 23-1022.A (1995), workers' compensation provided the exclusive remedy. The trial judge denied the motion to dismiss.

¶4     The Galloways filed a petition for a special action in the court of appeals. The court accepted jurisdiction and granted relief, relying on *Corral v. Ocean Accident & Guarantee Corp.*, 42 Ariz. 213, 23 P.2d 934 (1933), and *Jackson v. Northland Constr.*

2

*Co.*, 111 Ariz. 387, 531 P.2d 144 (1975). *Galloway v. Vanderpool*, No. 2 CA-SA 2002-0014, at 7 ¶ 11 (Ariz. Ct. App. June 3, 2002). In its concluding remarks, however, the court of appeals asked this court to revisit the holdings of *Corral* and *Jackson*. *Id*. We accepted review and exercise jurisdiction pursuant to Article VI, Section 5.3 of the Arizona Constitution.

## II.

¶5      In most instances, Arizona's workers' compensation law[1] provides the exclusive remedy for a worker injured or killed in a work-related accident, unless the worker rejected compensation *prior to* being injured.  A.R.S. § 23-906.C (1995) (workers conclusively presumed to have elected compensation unless they reject compensation prior to injury); *id*. § 23-1022.A (making workers' compensation the exclusive remedy).  The compensation statutes, however, also include important exceptions to the general rule.

¶6      One exception applies when an employer fails to post a written notice, required by A.R.S. section 23-906.D, informing employees that they have the right to reject compensation.  If an employer fails to provide the required notice, an employee is not deemed to have accepted compensation and retains the right to elect

---

[1]      The Arizona Constitution directs the legislature to establish a workers' compensation law.  Ariz. Const. art. XVIII, § 8.  The current workers' compensation law appears at A.R.S. section 23-901 through 23-1091.

to pursue a statutory or common law remedy *after* his injury. *Id*. § 23-906.E.[2]

¶7     The Galloways conceded, for purposes of the motion to dismiss, that they did not post the required notice. Thus, had Joshua Castro survived the trench collapse, he could have elected between accepting compensation and pursuing a legal action. Because he did not survive, his parents brought this wrongful death action, giving rise to the question whether the right to elect a remedy in the event of the employee's death passes to the employee's survivors or personal representative.

¶8     We have twice addressed this issue and twice held that the option of rejecting workers' compensation if an employer fails to post the required notice is personal to the employee and, therefore, does not pass to the employee's survivors or personal representative. *Jackson*, 111 Ariz. at 390, 531 P.2d at 147;

---

[2]     Section 23-906.E provides:

> If an employer fails to post and keep posted the notice as required by this section, or fails to keep available at the place where the employees are hired the blank forms of notice to be signed by the employee, no employee who thereafter engages in employment for such employer, during the time that the notices are not posted or during the time that the blanks are not available, shall be deemed to have accepted the provisions of this chapter, *and it shall be optional for such employee*, if injured during the period when blanks were not available or the notice was not posted, *to accept compensation* under the provisions of this chapter *or maintain other action against the employer*.

A.R.S. § 23-906.E (emphasis added).

4

*Corral,* 42 Ariz. at 220, 23 P.2d at 937.

¶9        In *Corral*, an employee died after being electrocuted while constructing a hotel.  42 Ariz. at 216, 23 P.2d at 935.  The decedent's administratrix brought an action under Arizona's employers' liability law,[3] arguing that the compensation act did not bar the suit because the employer failed to post the statutorily required notices informing employees of their right to reject compensation.[4]  *Id*. at 216-19, 23 P.2d at 935-36.  We held that the administratrix could not elect which remedy to pursue and explained:

> The employee's personal representative is given no right of option.  The right is personal to the employee.
>     If an employee is killed and has not during his lifetime rejected the compensation law, his rights and those of his dependents are conclusively and irrevocably fixed by the compensation law and must be administered by the Industrial Commission.

*Id.* at 220, 23 P.2d at 937.

¶10        In *Jackson*, a wrongful death action,[5] we again confronted

---

[3]        At the time we decided *Corral*, the employers' liability law was codified at sections 3153 through 3162 of the Civil Code of 1913.  The current employers' liability law appears at A.R.S. sections 23-801 through 23-808 (1995).

[4]        The law at the time of *Corral* was similar to A.R.S. section 23-906 in that "no employee . . . [employed] during the time" the employer failed to post a notice "shall be deemed to have accepted the provisions of this Act, and it shall be optional for such employee, if injured during said period . . . to accept compensation . . . or maintain other action against the employer under the laws of this State."  1925 Ariz. Sess. Laws ch. 83, § 60.

[5]        Section 12-611 provides:

5

the issue of who can exercise the option and affirmed the *Corral* holding that the option provided by A.R.S. section 23-906 is personal to the employee.  111 Ariz. at 390, 531 P.2d at 147. Employees Jackson and Ovary died after sustaining work-related injuries.  *Id*. at 388, 531 P.2d at 145.  Jackson's widow and the personal representative of Ovary's estate brought wrongful death actions against the employer, claiming that the employer failed to post the required statutory notices.  *Id*.

¶11     The plaintiffs in *Jackson*, raising an argument also made in this proceeding, urged this court to overrule *Corral*.  *Id*.  They argued that *Corral's* holding is inconsistent with A.R.S. section 23-1024,[6] which states that an employee, or his legal

> When death of a person is caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death was caused under such circumstances as amount in law to murder in the first or second degree or manslaughter.

A.R.S. § 12-611 (1992).

[6]     Section 23-1024 provides:

> A. An employee, *or his legal representative in event death results*, who accepts compensation waives the right to exercise any option to institute proceedings in court against his employer or any co-employee acting within the scope of his employment, or against the employer's workers' compensation insurance carrier or administrative service representative.

representative if death results, waives the right to institute court proceedings if the employee or representative accepts compensation. *Id.* That language, the plaintiffs argued, was meaningless if it did not allow them, as legal representatives of employees where death resulted, to exercise the right to elect between compensation and a tort action. *Id.* at 388-89, 531 P.2d at 145-46. Two dissenting justices agreed with this argument, asserting that *Corral* made "surplusage the phrase 'or his legal representative in the event death results.'" *Id.* at 391, 531 P.2d at 148 (Cameron, C.J., dissenting) (quoting A.R.S. § 23-1024).

¶12    The *Jackson* majority, however, rejected the plaintiffs' contention:

> The section merely provides what occurs when "any option" has been exercised. It does not purport to define what the options are, nor does it specifically state who may exercise the options. The section provides that when an option is exercised it has certain consequences. The section is not the grant of authority for exercising that option.

*Id.* at 389, 531 P.2d at 146.

¶13    Moreover, the majority pointed out, during the forty years after this court decided *Corral,* although the legislature had amended and revised the workers' compensation statutes, it had not

---

B. An employee, *or his legal representative in event death results*, who exercises any option to institute a proceeding in court against his employer waives any right to compensation.
A.R.S. § 23-1024 (1995) (emphasis added).

7

modified the language of section 23-906 so as to alter the *Corral* holding. *Id*. at 388, 531 P.2d at 145. The court presumed, therefore, that the legislature had approved of the statutory construction of *Corral* and had "adopted such construction for the re-enacted statute." *Id*.

¶14 The *Jackson* majority found additional support for its holding by comparing the language of A.R.S. section 23-906, which governs the effect of an employer's failure to post the required notice, with that of section 23-907,[7] which governs the effect of an employer's failure to obtain compensation insurance or establish its ability to self-insure. *Id*. at 390, 531 P.2d at 147. In section 23-906, the notice statute, the legislature granted *only the employee* the right to elect a remedy after sustaining an injury. In section 23-907, in contrast, the legislature specifically granted *both the employee and his dependents in the event of death* the right to elect between a civil action or compensation if the employer failed to procure workers' compensation insurance.[8] The court found this distinction

---

[7] The pertinent clause of A.R.S. section 23-907 provides: "An employee of [an employer who fails to secure compensation], *or the employee's dependents in case death ensued*, may, in lieu of proceeding against the employer by civil action in court, file his application with the commission for compensation in accordance with the provisions of this chapter . . . ." A.R.S. § 23-907.B (Supp. 2002) (emphasis added).

[8] The Castros were not dependents of their son Joshua. This fact, however, does not affect our analysis of whether the

8

significant, noting that "when the legislature wanted to grant an option to the dependents as well as the employee" it did so by clearly extending the right to dependents. *Id*.

¶15    Now, seventy years after we decided *Corral* and nearly thirty years after our *Jackson* decision, the Castros ask us to overturn the longstanding rule that the right to elect between compensation and a legal remedy is personal to an employee.[9] The arguments the Castros advance do not lack force. As the Castros point out, the effect of the interpretation adopted in *Corral* and *Jackson* is to deprive an employee's survivors of the opportunity to bring an action for damages pursuant to A.R.S. section 12-611. They also question the wisdom of a policy that permits a deceased employee's dependents to elect between workers' compensation and an action at law if an employer fails to obtain compensation insurance but not if an employer fails to post a required notice. They ask that we interpret section 23-906 as depriving an employer of immunity from actions at law, which would result in a

Castros can exercise the option provided by A.R.S. section 23-906.

[9]    Since our decisions in *Corral* and *Jackson*, Arizona courts have consistently recognized and applied the rule that the right to elect a remedy is personal to the employee. *Begay v. Kerr-McGee Corp.*, 499 F. Supp. 1317, 1323 (D. Ariz. 1980); *Coyner v. Indus. Comm'n.*, 77 Ariz. 210, 212-13, 269 P.2d 712, 713 (1954); *Ringling Bros. & Barnum & Bailey Combined Shows, Inc. v. Superior Court*, 140 Ariz. 38, 45, 680 P.2d 174, 181 (App. 1983); *Johnson v. Kerr-McGee Oil Indus., Inc.*, 129 Ariz. 393, 397, 631 P.2d 548, 552 (App. 1981); *Ream v. Wendt*, 2 Ariz. App. 497, 502, 410 P.2d 119, 124 (1966).

9

noncompliant employer facing the same consequences, regardless whether the injured employee survives. Because we earlier rejected these arguments, we must consider them within the context of our earlier decisions and the doctrine of *stare decisis*.

¶16     The doctrine of *stare decisis*, which requires us to give weight to previous decisions addressing the same issue, seeks to promote reliability so that parties can plan activities knowing what the law is. *See White v. Bateman*, 89 Ariz. 110, 113, 358 P.2d 712, 713-14 (1961). Importantly, our deference to precedent is strongest when prior decisions construe a statute. *See State v. Hickman*, No. CR-01-0424-PR, 2003 WL 21142964, at *10 ¶ 38 (Ariz. May 19, 2003). "[E]ven those who regard 'stare decisis' with something less than enthusiasm recognize that the principle has even greater weight where the precedent relates to interpretation of a statute." *Walker v. Walker*, 178 S.E.2d 46, 46 (Ga. Ct. App. 1970).

¶17     We are most likely to adhere to precedent interpreting a statute because, if the court interprets the statute other than as the legislature intended, the legislature retains the power to correct us. *See Edelman v. Jordan*, 415 U.S. 651, 671 n.14, 94 S. Ct. 1347, 1360 n.14 (1974). Once published, our interpretation becomes part of the statute. *See Local 266, Int'l Bhd. of Elec. Workers v. Salt River Project Agric. Improvement & Power Dist.*, 78 Ariz. 30, 43, 275 P.2d 393, 402 (1954). If the legislature amends

10

a statute after it has been judicially construed, but does not modify the statute in a manner that changes the court's interpretation, we presume the legislature approved of the court's construction and intended that it remain a part of the statute. *Cagle v. Butcher*, 118 Ariz. 122, 124 n.2, 575 P.2d 321, 323 n.2 (1978); *Jackson*, 111 Ariz. at 388, 531 P.2d at 145; *Madrigal v. Indus. Comm'n*, 69 Ariz. 138, 144, 210 P.2d 967, 971 (1949); *Hause v. City of Tucson*, 199 Ariz. 499, 502 ¶ 10, 19 P.3d 640, 643 (App. 2001). Accordingly, if the court revises its statutory construction in a later decision, our departure from precedent arguably "amounts to an amendment of the statute itself rather than simply a change in the thinking of the judiciary with respect to common law concepts which are properly" within this court's control. *Froud v. Celotex Corp.*, 456 N.E.2d 131, 137 (Ill. 1983).

¶18 We conclude that the principle of *stare decisis* applies with particular force in this matter. In *Jackson*, we declined to reverse *Corral*, noting that the legislature had re-enacted A.R.S. sections 23-906 and 23-1024 in substantially the same language. 111 Ariz. at 388, 531 P.2d at 145. Notably, since our *Jackson* decision, the legislature has amended A.R.S. section 23-906 six more times,[10] and made only minor changes, none of which altered the

---

[10] See 1987 Ariz. Sess. Laws, 3d Spec. Sess., ch. 2, § 2; 1984 Ariz. Sess. Laws ch. 188, § 23; 1983 Ariz. Sess. Laws ch. 87, § 1; 1980 Ariz. Sess. Laws ch. 246, § 21; 1978 Ariz. Sess. Laws ch. 92, § 7; 1977 Ariz. Sess. Laws ch. 109, § 1.

*Corral/Jackson* rule. We therefore must presume that the legislature approves of this court's holding that the right to elect between compensation and legal remedies when an employer fails to post notice is personal to the employee.

¶19 The legislature, of course, can amend the workers' compensation statutes to afford relief of the kind sought here by the Castros, and that body provides the appropriate forum to argue that public policy considerations favor abandoning the rule announced in *Corral* and *Jackson*. *See Kilpatrick v. Superior Court*, 105 Ariz. 413, 422, 466 P.2d 18, 27 (1970); *State v. Cotton*, 197 Ariz. 584, 591 ¶ 26, 5 P.3d 918, 925 (App. 2000).

### III.

¶20 For the foregoing reasons, we affirm the court of appeals' decision order. We reverse the trial court's order and remand with instructions to grant the Galloways' motion to dismiss.

_____
Ruth V. McGregor, Vice Chief Justice

CONCURRING:

_____
Charles E. Jones, Chief Justice

_____
Rebecca White Berch, Justice

12

_____
Michael D. Ryan, Justice


_____
Sheldon H. Weisberg, Judge[*]

[*]Pursuant to Article VI, Section 3 of the Arizona Constitution, the Honorable Sheldon H. Weisberg, Judge of the Arizona Court of Appeals, Division One, was designated to sit on this case.